**Ernestine GRAHAM et al., on behalf of themselves, and all others similarly situated, Plaintiffs-Appellants,**

v.

**A. B. CASTON, etc., et al., Defendants,**

**United States of America, Defendant-Appellee, Cross-Appellant.**

**No. 76–1378.**

United States Court of Appeals, Fifth Circuit.

March 1, 1978.

---

Charles V. McTeer, Greenville, Miss., Charles Williams, III, Jack Greenburg, New York City, for plaintiffs-appellants.

H. M. Ray, U.S. Atty., William M. Dye, Jr., Falton O. Mason, Jr., Asst. U.S. Attys., Oxford, Miss., for Federal defendants.

Ronald R. Glancz, John M. Rogers, Dept. of Justice, Washington, D. C., for defendants.

■■■■■■■■■■■■

Before COLEMAN, HILL, and RUBIN, Circuit Judges.

COLEMAN, Circuit Judge.

Section 518 of the National Housing Act, 12 U.S.C. § 1735b(a) (1970),[1] authorizes the Secretary of Housing and Urban Development (HUD) in certain instances "to make expenditures for (1) correcting . . . [structural] defects [in a dwelling approved for mortgage insurance, and] (2) paying the claims of the owner of the property arising from such defects . . .".

Section 518 further provides, however, that the decisions of the Secretary with reference to these matters shall be final and not subject to judicial review, 12 U.S.C. § 1735b(c) (1970).[2]

As it comes to us, the appeal raises the question whether the District Court had jurisdiction over the failure of the Secretary to review and decide claims initiated by certain purchasers of dwellings in Rosedale, Mound Bayou, Grenada and Greenville, Mississippi, for financial assistance or reimbursement relief for defects existing in off-site sewage and related facilities. The District Court dismissed as to all plaintiffs.

The claims of the Rosedale plaintiffs are moot. We vacate and remand as to the remaining class action plaintiffs.

Ernestine Graham, Idella Davis, and Mary J. Jones were homeowners, with residential mortgages insured under § 235. They brought suit for themselves and a class of those similarly situated[3] against the Secretary of HUD, the Department itself, the Federal Housing Administration (FHA), and other HUD and FHA officials, (hereinafter collectively referred to as HUD), A. B. Caston and A.B.H. Building Corporation, the contractors who constructed the dwellings for the *named* plaintiffs, and Wortman and Mann, a mortgage bank and brokerage firm that was subsequently dismissed as a defendant. Declaratory relief, injunctive relief, and monetary damages were sought.

---

1. 12 U.S.C. § 1735b(a) provides:

 (a) The Secretary is authorized with respect to any property improved by a one- to four-family dwelling approved for mortgage insurance prior to the beginning of construction which he finds to have structural defects, to make expenditures for (1) correcting such defects, (2) paying the claims of the owner of the property arising from such defects, or (3) acquiring title to the property: *Provided,* That such authority of the Secretary shall exist only (A) if the owner has requested assistance from the Secretary not later than four years (or such shorter time as the Secretary may prescribe) after insurance of the mortgage, and (B) if the property is encumbered by a mortgage which is insured under this chapter after September 2, 1964.

2. 12 U.S.C. § 1735b(c) (1970) provides:

 (c) the Secretary shall by regulations prescribe the terms and conditions under which expenditures and payments may be made under the provisions of this section, and his decisions regarding such expenditures or payments, and the terms and conditions under which the same are approved or disap-

proved, shall be final and conclusive and shall not be subject to judicial review.

3. The district judge defined the class as follows:

 All persons who are owners of homes with mortgages insured under the § 235 provisions of the National Housing Act (to the extent that said Act is or may hereafter be administered by the Secretary of the United States Department of Housing and Urban Development, his delegates, agents or representatives), which homes are (a) approved single-family dwellings, (b) were, are, or will be less than one year old at the time of the mortgage insurance commitment, (c) have common sewer, water and/or drainage facilities, and (d) are located in unincorporated communities throughout Mississippi and also in incorporated Mississippi municipalities of less than 5,000 persons according to the 1970 official United States Census. Provided, however, that Farmers Home Administration housing programs administered by the United States Department of Agriculture shall be excluded from the plaintiff class.

The § 235 homeowners sought financial assistance pursuant to § 518 for expenditures required to correct the following specified defects affecting their property: inadequate facilities for water, sewage, drainage, and streets. This was denied.[4]

A mandatory injunction compelling HUD to abide by the directives of § 235 was also requested. The District Court granted this relief and it is not an issue on appeal.

### The Nature of the Case

The Court held that it could not review the alleged failure or refusal of the Secretary of HUD to review the § 235 homeowners' complaints concerning off-site deficiencies lodged pursuant to § 518. The Court reasoned that the actions of the Secretary were not subject to judicial review because federal jurisdiction was withdrawn under § 518, 12 U.S.C., § 1735b(c) (1970).

The § 235 homeowners contend that (1) the "action" (inaction) of the Secretary of HUD was reviewable because he failed to review the § 235 homeowners' claims, that the failure was an arbitrary action and an abuse of discretion, and that judicial review of an arbitrary and improper action of an administrative official is not precluded by a jurisdictional withdrawal statute; and that (2) the federal defendants' interpretation of § 518, i. e., that a § 235 homeowner can be reimbursed only for funds spent to correct an on-site (on the insured property), as opposed to an off-site major structural defect, is contrary to the statutory language and intent as well as regulations issued by HUD.

### The Rosedale Plaintiffs

■ In the spring of 1971 Graham, Davis, and Jones purchased single-family dwellings fronting on McClain Avenue in Rosedale, Mississippi. Each homeowner was eligible for federal assistance in purchasing his home and qualified for a guaranteed home mortgage under § 235. After moving into their homes, problems were encountered with sewage backup in commodes, with bathtub and plumbing fixtures, with inadequate drainage of rainwater, with raw sewage flowing into a drainage canal, and with driveways that were not connected to the road. The residences were constructed by Caston.

When Caston purchased the lots on which the homes were built, water and sewer services were lacking. Caston was responsible for their installation. At the time of construction Rosedale did not have a building code or written standards for the installation of water or sewage systems. City approval of a privately installed sewage system would not be granted until the facilities had operated without complaint for a year. Neither the city nor HUD inspected or approved Caston's water and sewer installation. Caston laid a six inch sewer line, without a manhole and without a looped water line for adequate pressure. The city's maintenance supervisor advised Caston to use a six inch sewer line instead of the eight inch sewer line *only* if a terminal manhole was used along with a two inch looped water line. The three homeowners initially sought assistance from HUD, which referred the homeowners to Caston, who took no substantial corrective action.

After the suit was filed and HUD had begun to investigate, the § 235 homeowners lodged complaints with the city of Rosedale. Before Rosedale took any corrective action, HUD's sanitation engineer examined the sewage and water systems and recommended that the six inch pipe be replaced by an eight inch pipe and that a terminal manhole be installed. Subsequently, the

4. A default judgment was entered against Caston, and money damages were awarded to the three named plaintiffs. This portion of the District Court's judgment has not been appealed.

city of Rosedale replaced a segment of the six inch sewer line, installed a manhole, and instituted a cleanout program. The trial judge found that these actions substantially relieved the sewage problem. Obviously nothing remains *seriously affecting* the livability of the houses or *seriously* endangering the lives or safety of the inhabitants. The on site-off site distinction about which the Rosedale litigants have seen fit to pitch their battle has, as to them, been erased by the corrective action taken. As to the Rosedale plaintiffs, we need not decide a controversy which has evaporated.[5]

### The Other Class Action Plaintiffs

The evaporation of the Rosedale complaints, however, does not entirely dispose of the class action. The District Court also heard evidence as to similar conditions in similar housing projects in Mound Bayou, Grenada, and Greenville.

### Mound Bayou, Mississippi

Caston constructed 12 single-family residential dwellings in a subdivision in Mound Bayou. Again, Caston was responsible for the installation of the water and sewer systems. Caston did not comply with a local building code, and deficiencies in the street, water and sewage facilities resulted which were never corrected. Mound Bayou officials' petitions to HUD were not answered.

### Grenada, Mississippi

Delcon Contracting Company build approximately fifteen houses in a subdivision outside Grenada that were accepted for § 235 mortgage insurance. Inadequate streets, inadequate wiring, leaking roofs, and poor venting were among the defects for which complaints were lodged with HUD. When HUD was contacted about these deficiencies, HUD responded that the homeowners must turn to the contractor for a remedy.

### Greenville, Mississippi

In a subdivision outside of Greenville, Virden Homes constructed numerous homes for which mortgages were insured under § 235. Homeowners complained to HUD of inadequate roads, inadequate surface drainage, and inadequate sewage facilities. HUD informed the homeowners that it could offer no assistance to correct the alleged defects.

### District Court Reviewability

The § 235 class action homeowners petitioned the District Court to require HUD to reimburse them for repair expenses. The District Court denied the request for reimbursement of these items, finding that it lacked jurisdiction to review the Secretary's action since § 518 explicitly provides that the Secretary's decision is "final and conclusive" and "not subject to judicial review".

The § 235 homeowners asserted that § 518 did not withdraw jurisdiction because the failure of the HUD officials to submit their complaints to the Structural Defects Committee as required by agency regulations was an arbitrary action, and an administrative official's arbitrary action exposes that action to judicial review otherwise precluded by a jurisdictional withdrawal statute.

■ As to this aspect of the case, we start with the presumption that an administrative act is subject to judicial review unless there is a persuasive reason to believe

---

**5.** Except for the complaints about water and sewers, all the remaining Rosedale complaints were reported to HUD's Structural Defects Committee including their requests for financial assistance under § 518. The Committee denied the requests for aid on the grounds that the items complained of were not major structural defects threatening the habitability of the dwellings.

However, § 518(a) of the National Housing Act, 12 U.S.C., § 1735b(a) provides in part:

The Secretary is authorized . . . to make expenditures for . . . (2) paying the claims of the owners of the property arising from such defects . . . .

If at this point the Rosedale plaintiffs allege specific claims within the meaning of this section, they, of course, should receive the same treatment as that accorded the claimants in Mound Bayou, Grenada, and Greenville.

Congress decided to deny review. *Tooah-nippah v. Hickel,* 397 U.S. 598, 90 S.Ct. 1316, 25 L.Ed.2d 600 (1970); *City of Chicago v. United States,* 396 U.S. 162, 90 S.Ct. 309, 24 L.Ed.2d 340 (1969); *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Save the Bay, Inc. v. Administrator of EPA,* 5 Cir. 1977, 556 F.2d 1282; *Hayes Int'l Corp. v. McLucas,* 5 Cir. 1975, 509 F.2d 247, *cert. denied,* 423 U.S. 864, 96 S.Ct. 123, 46 L.Ed.2d 92.

■ Federal jurisdiction is dependent upon congressional grant. If Congress so chooses, judicial review of administrative decisions may be withheld. *Estep v. United States,* 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); *Stark v. Wickard,* 321 U.S. 288, 64 S.Ct. 559, 88 L.Ed. 733 (1944).

■ Upon a clear statutory command, a jurisdictional withdrawal statute is persuasive evidence of Congress' intent to preclude judicial review. *Barlow v. Collins,* 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970); *Switchmen's Union v. National Mediation Bd.,* 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943); *e. g., Barefield v. Byrd,* 5 Cir. 1963, 320 F.2d 455, *cert. denied,* 376 U.S. 928, 84 S.Ct. 675, 11 L.Ed.2d 624 (1964); *accord, Association of Data Processing Serv. Org., Inc. v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970).

■ If an administrative official clearly departs from statutory authority, the administrative action is subject to judicial review even though a jurisdictional withdrawal statute is otherwise applicable. *Breen v. Selective Service Bd.,* 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970); *Oestereich v. Selective Service Bd.,* 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968); *Manges v. Camp,* 5 Cir. 1973, 474 F.2d 97.

■ Likewise, judicial review is available where the administrative agency fails to follow procedures outlined in regulations adopted by that administrative agency. *Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954).

■ According to § 518, the decision of the Secretary of HUD to grant or deny reimbursement for expenditures to alleviate structural defects "shall be final and conclusive and shall not be subject to judicial review", 12 U.S.C. § 1735b(c) (1970). Quite clearly, this jurisdictional withdrawal statute governs those instances in which the Secretary reviews the claim and decides it, rendering judicial review unavailable.

The class action § 235 homeowners, however, were not requesting review of a decision of the Secretary but were attacking his failure to review and decide.

Thus, the plaintiffs' position with reference to inaction is correct.

For the reasons hereinabove appearing, we think the judgment of the District Court insofar as it applied to the Rosedale plaintiffs no longer presents a live case and controversy. There, the unremedied complaints have been corrected, even though done by the city of Rosedale. Those defects not so remedied have been duly submitted and rejected, which is not reviewable.

This, however, does not dispose of the complaints of the class action plaintiffs from Mound Bayou, Grenada, and Greenville. The complaints about defects in those localities have neither been accepted or decided. There is nothing to indicate that they have been remedied by other means.

If upon review the Secretary, acting within the law and regulations, denies relief presumably that will end the matter. Otherwise, the District Court can take the appropriate action.

The result is that we vacate and remand as to the complaints from Mound Bayou, Grenada, and Greenville. The District Court will no doubt direct that the unreviewed complaints be duly accepted by HUD and that the Secretary shall review and decide them within a reasonable time. The District Court shall thereafter decide any remaining controversy.

VACATED and REMANDED for further proceedings not inconsistent herewith.