REVERSED and REMANDED for further proceedings.

Dr. Robert T. HOLLINGSWORTH, M. D., Plaintiff-Appellant,

v.

Patricia Roberts HARRIS, Secretary of Health and Human Resources, Zion Grove Nursing Center, Ltd. and Daniel B. Mitchell, Defendants-Appellees.

No. 79–2838
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 26, 1979.

* Fed.R.App.Proc. 34(a), 5th Cir. Local Rule 18.

Tommy M. McWilliams, Indianola, Miss., for plaintiff-appellant.

Thomas W. Dawson, Asst. U. S. Atty., H. M. Ray, U. S. Atty., Oxford, Miss., for Califano.

Johnnie E. Walls, Jr., Tyree Irving, Johnnie E. Walls, Jr., Greenville, Miss., for Zion and Mitchell.

Before RONEY, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert T. Hollingsworth, petitioner, operates a nursing home in Duncan, Mississippi. Daniel B. Mitchell, co-respondent, plans to construct a competing facility in nearby Shelby, Mississippi. Pursuant to 42 U.S.C.A. § 1320a–1 (West 1974 & Supp.1979), Mitchell sought and obtained from the Secretary of Health, Education and Welfare, co-respondent, a determination that patrons of his proposed facility would be eligible for certain federal transfer payments. The way being thus cleared for "competitive" entry, petitioner sought administrative reconsideration, 42 C.F.R. § 100.108(a) (1978), and failing in that commenced the instant law suit. 5 U.S.C.A. § 702 (West 1977). Petitioner asserts that, in passing on Mitchell's proposed facility under § 1320a–1, the Secretary failed to observe its own procedures set forth in 42 C.F.R. § 100.106(c)(2) (1978). The district court held that it was without jurisdiction to hear this claim by reason of 42 U.S.C.A. § 1320a–1(f) (West 1974), and that in any event petitioner lacked standing to raise it. We reverse on both points.

Respondents do not question that administrative agencies must follow their own procedures, "even where the internal procedures are possibly more rigorous than would otherwise be required." *Morton v. Ruiz*, 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974). *Accord, Vitarelli v. Seaton*, 359 U.S. 535, 539–40, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959). Here, petitioner claims *inter alia* that the "fair hearing" required by 42 C.F.R. § 100.106(c) (1978) was held without the public notice required by 42 C.F.R. § 100.16(c)(2)(i) (1978). Although 42 U.S.C.A. § 1320a–1(f) (West 1974) withdraws federal court jurisdiction to review "determinations" by the Secretary under that section, "judicial review is [nonetheless] available where the administrative agency fails to follow procedures outlined in regulations adopted by that administrative agency." *Graham v. Caston*, 568 F.2d 1092, 1097 (5th Cir. 1978). We express no view on whether the Secretary in fact violated its own procedures; we hold only that the district court had jurisdiction to decide the question.

Respondents argue that, even if jurisdiction is present, petitioner lacks

standing to challenge the alleged procedural omission. We disagree. Economic "injury" in the form of increased competition plainly can form the basis of a case or controversy. *See, e. g., Sierra Club v. Morton,* 405 U.S. 727, 733–34, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); *Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 154–56, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); *Hardin v. Kentucky Utilities Co.,* 390 U.S. 1, 6, 88 S.Ct. 651, 19 L.Ed.2d 787 (1968). And we think that Mitchell's competitive entry is "fairly traceable," *e. g., Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 72, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978); *Village of Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 261, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977), to the Secretary's favorable decision under § 1320a–1. Finally, since the claimed omissions here appertain to "public" notice and all "interested parties," 42 C.F.R. §§ 100.-106(c)(2)(i), 100.106(c)(2)(ii) (1978), petitioner clearly falls "within the zone of interests protected by" the regulation. *Association of Data Processing Organizations, Inc. v. Camp,* 397 U.S. 150, 156, 90 S.Ct. 827, 831, 25 L.Ed.2d 184 (1970). We hold that petitioner has standing to challenge the Secretary's alleged violation of 42 C.F.R. § 100.-106(c) (1978).

The judgement of the district court is vacated and the cause is remanded for the sole purpose of determining whether the Secretary observed his own procedures in passing on Mitchell's application under § 1320a–1.