GEORGE KABELLER, INC. d/b/a
Zephyrhills Parachute Center,
Plaintiff–Appellant,

v.

James B. BUSEY, Administrator, Federal Aviation Administration; Leonard E. Mudd, Director, Office of Airport Safety and Standards, Federal Aviation Administration; Stephen A. Brill, Manager, Airports Division, Southern Region, Federal Aviation Administration; James E. Sheppard, Manager, Airports District Office, Orlando, Federal Aviation Administration and Richard M. Owen, Airports Plans and Programs Manager, Airports District Office, Orlando, Federal Aviation Administration, Defendants–Appellees.

No. 92–8696.

United States Court of Appeals,
Eleventh Circuit.

May 18, 1993.

---

Lawrence H. Brinker, Kuchta & Brinker, Atlanta, GA, Joseph D. Kuchta, Kuchta & Brinker, Washington, DC, for plaintiff-appellant.

Russell G. Vineyard, Asst. U.S. Atty., Atlanta, GA, for defendants-appellees.

Before FAY, Circuit Judge, JOHNSON, Senior Circuit Judge, and MERHIGE *, Senior District Judge.

PER CURIAM:

This appeal concerns whether the District Court properly granted defendant-appellees' motion to dismiss plaintiff-appellant's Complaint for want of subject matter jurisdiction, and, further, whether the District Court acted properly in refusing to transfer the case to this Court. Finding no error in the District Court's determinations, we AFFIRM.

* Honorable Robert R. Merhige, Jr., Senior U.S. District Judge for the Eastern District of Virgi-

Plaintiff-appellant operates a private skydiving business at Zephyrhills Municipal Airport. On October 16, 1990, appellant filed a letter of complaint with the Federal Aviation Administration (FAA), claiming that the City of Zephyrillis, Florida (City) was not in compliance with FAA grant agreements because it had discriminated against appellant by approving a more favorable lease to another skydiving business, Skydive City, Inc. On November 1, 1990, the FAA's Orlando Office responded by letter stating that it found the City to be in compliance with federal law. On November 14 and 15, 1990, appellant sent letters to the FAA Regional Headquarters in Atlanta, complaining that the Orlando Division had discriminated against him and that the City had discriminated with regard to the lease agreement. In December, under two separate letters, the Atlanta Office responded, denying appellant's claims.

On January 4, 1991, appellant sent a letter to the FAA in Washington, D.C., requesting that his complaint as to discrimination by the City be investigated. On April 19, 1991, the FAA directed the Atlanta Office to summarize its actions with regard to appellant's complaint. This request was complied with on May 22, 1991. On August 1, 1991, appellant sent another letter to the FAA's Washington, D.C. office requesting that the FAA respond to the complaint. On February 21, 1992, the FAA Washington, D.C. office responded that the claims were being examined, stating that the review "will take the form of FAA Headquarters' reconsideration of all regional FAA determinations in this matter."

On December 10, 1991, appellant filed the instant action in the United States District Court in the Northern District of Georgia, seeking a declaratory judgment and mandamus compelling action on his claim of discrimination by the City. On February 24, 1992, appellees filed a motion to dismiss the Complaint for lack of subject matter jurisdiction. On June 24, 1992, the District Court granted the motion, adopting the reasoning of the D.C. Circuit in *Telecommunications*

nia, sitting by designation.

*Research & Action Center v. FCC,* 750 F.2d 70, 75 (D.C.Cir.1984) (hereinafter *TRAC*), where it was held that "where a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to *exclusive* review of the Court of Appeals." The statutory provision considered by the District Court concerning review of FAA actions states as follows:

> Any order, affirmative or negative, issued by the Board or Secretary of Transportation under this chapter, except any order in respect of any foreign air carrier subject to the approval of the President as provided in section 1461 of this title, shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition. . . .

49 U.S.C.App. § 1486(a) (1992). The court further held that it would not be in the interests of justice to transfer this case to the Eleventh Circuit Court of Appeals because FAA action on this matter was not final, and the case did not pose the type of extraordinary situation warranting the drastic remedy of mandamus. It is from these judgements that plaintiff now appeals.

Two matters are presented on appeal: whether the District Court's dismissal of the Complaint for lack of subject matter jurisdiction was proper and whether the trial court erred in refusing to transfer the matter to this Court. The Court will consider these questions in seriatim.

■ Appellant first argues that the trial court erred in concluding that it lacked subject matter jurisdiction over his complaint that the City discriminated against him. Appellant contends that because his complaint made out a prima facie case, the FAA was obligated to conduct an investigation and hearing in conformance with 49 U.S.C.App. § 1482(a) and FAA Order 5190.6A. Paragraph 105(c) of the FAA Order states in pertinent part that:

> All such complaints shall be acknowledged immediately and investigated as soon as possible. . . . Where the alleged facts suggest that the owner may not be adhering in all respects to his agreements with the

Government, an investigation shall be made and the results recorded. . . . If there is disagreement as to the facts, independent evidence should be obtained.

Appellant submits that by delaying the investigation, the FAA has not complied with the "as soon as possible" language of Order 5190.6A. It is well-established that when an agency establishes rules to govern its proceedings, these rules must be scrupulously observed. *Vitarelli v. Seaton,* 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959). "It is equally well established that it is a denial of due process for any government agency to fail to follow its own regulations providing for procedural safeguards to persons involved in adjudicative processes before it." *Government of Canal Zone v. Brooks,* 427 F.2d 346, 347 (5th Cir.1970).

According to appellant, when an agency departs from statutory authority and fails to follow agency procedures, the action is reviewable in a district court.

> If an administrative official clearly departs from statutory authority, the administrative action is subject to judicial review even though a jurisdiction withdrawal statute is otherwise applicable. Likewise, judicial review is available where the administrative agency fails to follow procedures outlined in regulations adopted by that administrative agency.

*Graham v. Caston,* 568 F.2d 1092, 1097 (5th Cir.1978). "[J]udicial relief is mandated by 'agency deviation from its own regulations and procedures,' and the court's finding that the agency had acted in violation of its statutory obligations was a sufficient basis for the court's holding." *Jean v. Nelson,* 727 F.2d 957, 976 n. 27 (11th Cir.1984) (*en banc*) (citations omitted); *aff'd on other grounds,* 472 U.S. 846, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985). *See also Haitian Refugee Center, Inc. v. Nelson,* 872 F.2d 1555, 1560 (11th Cir.1989), *aff'd sub nom.,* 498 U.S. 479, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991) (concluding that 8 U.S.C. § 1105a, the immigration statute construed in *Jean,* "does not deprive district courts of jurisdiction to review allegations of systemic abuses by [agency] officials"); *Southern Ohio Coal Co. v. Donovan,*

774 F.2d 693, 700 (6th Cir.1985) (citation omitted) (" 'some residuum of federal question subject matter jurisdiction may exist in the United States District Court, although apparently otherwise precluded by a comprehensive statutory review scheme' "). Further, appellant argues, 49 U.S.C.App. § 1486(a) makes only "order[s]" of the FAA reviewable in the courts of appeals. However, an "order" must be final, *San Francisco v. Engen*, 819 F.2d 873, 874 (9th Cir.1987); appellant argues that here the FAA has not issued a "final order" because the FAA did not act as mandated. Thus, appellant urges, the FAA's failure to investigate appellant's complaint, allegedly a violation of the FAA's duty pursuant to 49 U.S.C.App. § 1482(a), yet also an inaction that was not an order, was reviewable in the District Court and not exclusively within the domain of this Court.

■ Whether judicial review of the FAA's failure to issue a final order, granting or denying an investigation or hearing, is vested exclusively in the Court of Appeals, is a question of law subject to *de novo* review. *Newell v. Prudential Ins. Co.*, 904 F.2d 644, 649 (11th Cir.1990). As noted, 49 U.S.C.App. § 1486(a) provides that any "order" issued by the Civil Aeronautics Board "shall be subject to review by the courts of appeal of the United States or the United States Court of Appeals for the District of Columbia...." 49 U.S.C.App. § 1486(a). This Circuit has never directly addressed the terms of this provision. However, the District Court here relied on *Drummond Coal Co. v. Watt*, which held that "it is well settled that if Congress ... specifically designates a forum for judicial review of administrative action, that forum is exclusive." 735 F.2d 469, 475 (11th Cir.1984) (citation omitted). Further, in *TRAC*, also cited by the District Court, the D.C. Circuit stated that "[w]here a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to *exclusive* review of the Court of Appeals." *TRAC*, 750 F.2d at 78–79.[1]

■ The Court discerns no reason to depart from the lower court's conclusion as to exclusive appellate jurisdiction. The instant facts are analogous to those in *TRAC*. In *TRAC*, petitioners sought a writ of mandamus to compel the FCC to decide unresolved matters before the agency. The jurisdictional question faced by the *TRAC* Court was "whether a petition to compel unreasonably delayed agency action properly lies in the circuit court or in the district court, or whether the two courts have concurrent jurisdiction, when any final agency action in the matter would be directly reviewable only in the Court of Appeals." *Id.* at 72. The difficult jurisdictional complication encountered by the *TRAC* Court is likewise present here, to wit, the lack of a "final order" as that phrase would naturally be understood. *See Nevada Airlines, Inc. v. Bond*, 622 F.2d 1017, 1020 n. 5 (9th Cir.1980) (defining a "final" agency action as "one that imposes an obligation, denies a right, or fixes some legal relationship"). The *TRAC* Court addressed this problem by reference to the All Writs Act, 28 U.S.C. § 1651(a). The authority of the federal courts under the All Writs Act is to be employed "in aid of their prospective jurisdiction." *TRAC*, 750 F.2d at 76. According to the Court, "[b]ecause the statutory obligation of a Court of Appeals to review on the merits may be defeated by an agency that fails to resolve disputes, a Circuit Court may resolve claims of unreasonable delay in order to protect its future jurisdiction." *Id.*

We are persuaded by the reasoning of the *TRAC* Court and conclude that a similar result should prevail here. *See also Pub. Utility Comm'r v. Bonneville Power Admin.*, 767 F.2d 622, 626 (9th Cir.1985) (Kennedy, J.) (citing *TRAC* in concluding that action under 16 U.S.C.A. § 839f(e)(5), the Pacific Northwest Electric Power Planning and Conservation Act, was within the exclusive jurisdiction of Ninth Circuit Court of Appeals).

---

**1.** The *TRAC* Court actually construed 28 U.S.C. § 2342, pertaining to appellate review of "final orders" of the Federal Communications Commission. *TRAC*'s companion case, *Air Line Pilots Ass'n Intern. v. C.A.B.*, 750 F.2d 81 (D.C.Cir. 1984), concerned the precise statutory provision of concern here, 49 U.S.C.App. § 1486. The identical three-judge panel considered both cases and the *Air Line Pilots Ass'n* panel relied upon the fuller explanation of the jurisdictional question, as provided in *TRAC*, to reach its conclusion.

Moreover, we are not persuaded that the instant facts fall within the "small category of cases," acknowledged by the *TRAC* Court, warranting deviation from the withdrawal provision at play here. *TRAC,* 750 F.2d at 78. According to the *TRAC* Court, deviation is warranted when "a denial of review in the district court will truly foreclose all judicial review." *Id.* Here, the prospect of judicial review is not foreclosed, under the very terms of § 1486(a).

Furthermore, the District Court was correct to distinguish *Graham v. Caston,* 568 F.2d 1092 (5th Cir.1978). The statute at issue in *Graham* removed agency action from judicial review entirely; § 518 of the National Housing Act, 12 U.S.C. § 1735b(c), expressly states that the Secretary's decision to grant or deny reimbursement is not subject to judicial review. Here, review is not precluded; review resides exclusively with the court of appeals.

■■■ The exception to withdrawal statutes, as enunciated in *Graham,* applies only where there has been a clear departure from statutory authority and the agency action would otherwise evade review. *Manges v. Camp,* 474 F.2d 97, 99 (5th Cir.1973). The purpose of the *Graham* exception is to make reviewable agency action that otherwise would be exempt from judicial review. The rationale for the exception is absent when Congress has authorized judicial review of agency action by a particular court, such as here, where review is vested in the Court of Appeals.

■■ Finally, appellant's reliance on *Jean v. Nelson* appears inapt. Of concern to the *en banc* panel in that case, and its basis for surmounting the withdrawal provision in 8 U.S.C. § 1105a, were allegations of *systemic* abuses by agency officials. *Jean,* 727 F.2d at 980. "[R]un-of-the-mill" decisions by the agency would not be subject to the withdrawal exception. *Id.* The *Jean* Court based its decision in large part on *Haitian Refugee Center v. Smith,* where the Court concluded that because plaintiffs' complaint, challenging the accelerated procedures employed by the Immigration and Naturalization Service for processing asylum requests, addressed "matters alleged to be *part of a pattern and*

*practice* by immigration officials to violate the constitutional rights of a class of aliens ... [which] ... constitute wrongs ... independently cognizable in the district court under its federal question jurisdiction." 676 F.2d 1023, 1033 (5th Cir. Unit B 1982) (emphasis added). In permitting district court review, the *Smith* panel emphasized the "narrowness" of its holding. *Id.* Likewise, in *Haitian Refugee Center, Inc. v. Nelson,* the Court looked to *Smith* and *Jean* to support its conclusion that the § 1105a withdrawal provision did not deprive the district court of jurisdiction. 872 F.2d 1555, 1560 (11th Cir.1989). Under the *Nelson* facts the plaintiffs did "not challenge the merits of any individual status determination; rather, ... they contend[ed] that *defendants' policies and practices* ... deprive them of their statutory and constitutional rights." *Id.* (footnote omitted) (emphasis added). The record being bereft of anything remotely approaching systemic abuse, we discern no need to deviate from the clear congressional intent under § 1486(a) to vest exclusive jurisdiction in this Court.

In sum, the District Court properly concluded that it lacked subject matter jurisdiction over this case. Section 1486(a) vests the circuit courts with exclusive jurisdiction to review FAA actions, such as here, which might affect the future adjudicative power of the circuit court. Therefore, the District Court's decision in this respect is affirmed.

■■ Appellant next asserts that the District Court erred when it declined to transfer the instant case to this Court, pursuant to 28 U.S.C. § 1631, instead granting defendants' motion to dismiss. The reasons stated by the court were that FAA action as to appellant's claim was continuing. As noted by the District Court, "[i]f the Plaintiff is still not satisfied after final action by the FAA, he is then free to bring an action in the Court of Appeals to challenge the decision." *Kabeller v. Busey, et al.,* No. 91–3087, slip op. at 9–10, 1992 WL 524220. We agree. Under *TRAC,* the appropriate procedure for a district court to follow when it determines that it lacks jurisdiction is to transfer the case to a court with jurisdiction, rather than dismiss

the case, providing such action is "in the interest of justice." *TRAC*, 750 F.2d at 79 n. 37. Given that appellant's complaint is still under review, transfer is not "in the interest of justice." *Federal Trade Comm'n v. Standard Oil Co.*, 449 U.S. 232, 246, 101 S.Ct. 488, 496, 66 L.Ed.2d 416 (1980).

■■■■■ The District Court in the instant matter also denied appellant's request for mandamus, finding that the case did not present the type of extraordinary situation warranting mandamus. *See Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976) (mandamus is a drastic remedy appropriate only in "extraordinary situations"). According to the court, the delay by the FAA in issuing the final order is not so unreasonable as to warrant mandamus. *See, e.g., Wellesley v. Federal Energy Regulatory Comm'n*, 829 F.2d 275, 277 (1st Cir.1987) (delay of fourteen months not unreasonable); *TRAC*, 750 F.2d at 81 (delays of two and five years not warrant mandamus). We agree with the District Court in this respect as well. However, as a threshold matter, we note that in light of the foregoing discussion as to jurisdiction, the District Court lacked jurisdiction to render judgment on the propriety of mandamus. Nevertheless, even if jurisdiction were to properly reside with this Court at this point in time, we conclude that the drastic remedy of mandamus is inappropriate. We agree with the Ninth Circuit, which stated as follows in a case involving similar facts:

> [u]se of the All Writs Act in connection with agency matters ... [is] rare and the scope of relief granted in these cases has been narrow. The circumstances that will justify our interference with nonfinal agency action must be truly extraordinary, for this court's supervisory province as to agencies is not as direct as our supervisory authority over trial courts.

*Bonneville*, 767 F.2d at 630. *See also Calif. Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir.1985) (Kennedy, J.) ("The All Writs Act ... empowers federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction. In connection with ongoing agency proceedings, this judi-

cial power is limited and is to be used in only the most extreme circumstances").

For the foregoing reasons, we AFFIRM the determinations of the District Court in the instant matter.

FAY, Circuit Judge, concurring in part and dissenting in part:

On April 1, 1993, the court heard oral argument in this matter. Counsel advised us that the Washington, D.C. office of the FAA still had not taken "final action" regarding appellant's complaint. I think citizens of this country deserve better.

The original letter of complaint was dated October 16, 1990. The Orlando office of the FAA responded to the complaint immediately under date of November 1, 1990. In the middle of November, 1990, appellant submitted additional letters of complaint to the Atlanta office of the FAA. The Atlanta office responded in December of 1990, also in timely fashion.

On January 4, 1991, appellant submitted his complaint to FAA headquarters in Washington, D.C. On April 19, 1991, that office directed the Atlanta office to summarize its actions on this matter. This was accomplished on May 22, 1991.

Since that date, as far as appellant is concerned, there has been no action. After seeking some response in August of 1991, the appellant was advised on February 21, 1992 that the matter was being examined.

It is now May of 1993!

Citizens of this country deserve better.

Tragically, this is the type of conduct that earns governmental bureaucracies the bad reputation they have with most Americans. Delays of this type are not fair to the citizen complaining, and they are not fair to the thousands of government workers who perform their duties with great competency in a timely manner.

The law concerning review of a final action by this agency is clear. Jurisdiction rests with the Court of Appeals. 49 U.S.C.App. § 1486(a) (1992). As the majority points out, however, the law controlling jurisdiction over a petition for a writ of mandamus under

,these circumstances is not settled or obvious. *See Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d 70, 74–75 (D.C.Cir. 1984). Consequently, I would opt to leave jurisdiction in the district courts under the All Writs Act, 28 U.S.C. § 1651(a), or the established law of our circuit dealing with agency action which deviates from its statutory authority. *Haitian Refugee Ctr. v. Nelson*, 872 F.2d 1555, 1560 (11th Cir.1989); *Jean v. Nelson*, 727 F.2d 957, 976 (11th Cir.1984) (en banc); *Graham v. Caston*, 568 F.2d 1092, 1097 (5th Cir.1978).[1] In *Graham* the court was deciding the question of jurisdiction in the district court when the complaint was that HUD and FHA officials had *failed to act.* The plaintiffs were arguing that since they were not complaining about the merits of any decision but rather the simple failure to do anything, jurisdiction was in the district court. This argument recognized that jurisdiction to review a final decision did not lie in the district court. In response, the court stated: "Thus, the plaintiffs' position with reference to inaction is correct." 568 F.2d at 1097. In addition, district courts are far better equipped to consider this kind of petition for a writ of mandamus. Courts of Appeals are not suited for conducting hearings, taking testimony or making factual findings. That is not our role. That is precisely why we have district courts and magistrate judges.

Governmental agencies should not be allowed to simply stonewall citizens. This case illustrates the frustration that can result. My guess is that a fifteen minute hearing before a magistrate judge would have produced either a final action by the FAA or a court order establishing a reasonable deadline for such action. In my opinion, that is a more practical approach.

Most respectfully, I dissent from that portion of the majority opinion which deprives the district court of jurisdiction to insist that the FAA comply with its statutory obligations in a reasonably timely fashion. It seems to me that the majority opinion is contrary to both clearly established binding authority and common sense.[2]

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this circuit adopted as precedent all decisions of the former Fifth Circuit rendered before October 1, 1981.

2. Recognizing that it is always risky to insert "common sense" into a judicial ruling.