[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 16, 2008
THOMAS K. KAHN
CLERK

No. 07-15675
Non-Argument Calendar

_____

D.C. Docket No. 07-00378-CV-F-N

ASSOCIATION OF CITIZENS TO PROTECT AND PRESERVE
THE ENVIRONMENT OF THE OAK GROVE COMMUNITY,
a voluntary, non-profit unincorporated association,

Plaintiff-Appellant,

versus

FEDERAL AVIATION ADMINISTRATION,
RANS BLACK, in his official capacity as Jackson Airport's District Office,
KEAFUR GRIMES, in his official capacity as an employee and
responsible official of the Federal Aviation Administration,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 16, 2008)

Before MARCUS, WILSON, and COX, Circuit Judges.

PER CURIAM:

The Plaintiff, the Association of Citizens to Protect and Preserve the Environment of the Oak Grove Community ("Association"), appeals the district court's judgment dismissing this action for lack of subject matter jurisdiction. We affirm.[1]

In its complaint, the Association alleges that the FAA arbitrarily issued a Finding of No Significant Impact ("FONSI") with respect to the proposed expansion project at the Troy Municipal Airport in Troy, Alabama. It also alleges that the FAA failed to follow its own regulations requiring additional review and approval of certain mitigation measures. On appeal, the Association maintains that the district court has jurisdiction over the first claim (the "FONSI claim") because the FONSI is not a final order, and therefore, 49 U.S.C. § 46110(a)[2] does not divest the district court of jurisdiction. The Association also argues the district court has jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 702, over its claim that the FAA

---

[1] We review dismissals for lack of subject matter jurisdiction de novo. *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006).

[2] "[A] person disclosing a substantial interest in an order issued by the . . . Federal Aviation Administration . . . in whole or in part under this part, part B, or subsection (l) or (s) of section 114 may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business. The petition must be filed not later than 60 days after the order is issued. The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day." 49 U.S.C. § 46110(a).

failed to comply with its own regulations (the "procedural claim"). The district court correctly determined that it lacked jurisdiction over both claims.

## 1. The FONSI Claim

The parties disagree on whether § 46110 jurisdiction exists only over "final orders," and if it does, whether the FONSI in this case is a "final order." The Association argues that § 46110 grants the courts of appeals jurisdiction only over final orders, and that the FONSI in this case is not final because it requires the City of Troy to finalize its wetland mitigation plan prior to the start of construction. The FAA responds that § 46110 jurisdiction extends to non-final agency orders. For support, it cites our decision in *George Kabeller, Inc. v. Busey*, 999 F.2d 1417 (11th Cir. 1993), which it argues stands for the proposition that "any suit concerning FAA administrative action, whether final or not, lies within the exclusive jurisdiction of the Circuit Court." (Def.'s Br. at 19.)

We agree with the Association that courts of appeals have § 46110 jurisdiction only over an agency order that is "final." *See, e.g.*, *City of Dania Beach, Fla. v. FAA*, 485 F.3d 1181, 1187 (D.C. Cir. 2007); *Americopters, LLC v. FAA*, 441 F.3d 726, 735 (9th Cir. 2006); *Aerosource, Inc. v. Slater*, 142 F.3d 572, 578 (3d Cir. 1998). But we

3

also acknowledge that *Busey* recognized a narrow exception to permit § 46110[3] jurisdiction where *no order* has been issued, the absence of "which might affect the future adjudicative power of the circuit court." *Id.* at 1422. In simpler terms, the *Busey* exception applies when an agency's failure to act results in a final order never being issued, thereby indefinitely depriving the court of appeals of jurisdiction. This is not that type of case. The Association does not allege that the FAA failed to issue any order thereby depriving the courts of appeals of § 46110 review. Instead, the Association challenges the order as being arbitrarily issued. Therefore, *Busey* does not apply and we must determine whether the FONSI is a "final order." We conclude that it is.

First, the FAA treats the FONSI as a final order. *See* R.1-1, Ex. B at 12 ("This decision constitutes the Federal approval for the actions identified above . . . [and] constitutes a Final Order of the Administrator subject to review by the courts of appeals to the United States in accordance with 49 U.S.C. [§] 46110."). While an agency's characterization of an order is not binding, it certainly is informative. *Aerosource, Inc.*, 142 F.3d at 579.

---

[3]   *Busey* involved § 46110's predecessor, 49 U.S.C. app. § 1486(a) (1992). The statutes do not materially differ.

Second, the FONSI is final because, while the City must fulfill certain "mitigation measures," the FAA did not condition issuance of the FONSI on the City's fulfillment of those measures. At no point has the FAA indicated that its determination that the proposed airport expansion "will not have a significant effect on the human environment," 40 C.F.R. § 1508.13, is in any way dependent upon the City's satisfactory completion of these measures, which range from finalizing the wetland mitigation plan to ministerial tasks such as obtaining construction permits.

Finally, the complaint charges that the FAA acted arbitrarily in issuing the FONSI, a claim which tests the propriety of the FONSI. If the FONSI were not in a final form susceptible of meaningful review, this claim would not be ripe, as the reviewing court would in essence be rendering an advisory opinion on a preliminary administrative decision. We conclude the FONSI is a final order and courts of appeals have exclusive jurisdiction over this claim under § 46110.

Our determination that the FONSI is a final order necessarily resolves the Association's claim that the district court had jurisdiction under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 4321, to decide whether the FONSI was a final order. The DJA permits any court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). However, that power exists only "[i]n the case of actual controversy *within its*

5

*jurisdiction.*" *Id.* (emphasis added). The law is settled that the DJA itself does not grant federal courts jurisdiction, but rather, authorizes a specific type of relief in cases where jurisdiction already exists. *Schilling v. Rogers*, 363 U.S. 666, 677, 80 S. Ct. 1288, 1296 (1960). Because the district court does not have jurisdiction over the FONSI claim, it lacked the power to render a declaratory judgment on the issue of finality.

## 2. The Procedural Claim

We turn now to the Association's argument that the district court erred in ruling that it lacked subject matter jurisdiction to consider its procedural claim against the FAA. The Association asserts that the FAA has failed to comply with FAA Order 1050.1E, ¶ 405(g)(4), which states that the FAA should review and approve any proposed changes in or deletion of a mitigation measure that was included as a condition of approval of the FONSI. The Association alleges that the FAA has not reviewed or approved the mitigation plan changes despite written requests for immediate review. The Association argues the district court retains APA jurisdiction over this claim, regardless of whether the FONSI is a final order. We disagree.

The determination of whether the FAA conducted a mitigation measure review as required by FAA Order 1050.1E, ¶ 405(g)(4) is intertwined with the merits of deciding whether the FAA arbitrarily issued the FONSI. Therefore, it is properly

6

raised in the courts of appeals under § 46110. *See City of Oxford, Ga. v. FAA*, 428 F.3d 1346, 1352-58 (11th Cir. 2005) (entertaining, on § 46110 petition after issuance of a FONSI, plaintiff's claim that the FAA failed to comply with its own regulations and the procedural requirements of National Environmental Policy Act); *City of Dania Beach*, 485 F.3d at 1189-91 (granting petition for § 46110 review after FAA failed to engage in environmental review process required by FAA Order).

### 3. Conclusion

Because the FONSI is a final order, the courts of appeals have exclusive jurisdiction under § 46110 to entertain a challenge to its issuance. The courts of appeals also have jurisdiction over the Association's procedural claim because it is intertwined with the merits of the FONSI claim. We therefore affirm the district court's order dismissing both claims for lack of subject matter jurisdiction.[4]

**AFFIRMED.**

---

[4] The Association appealed the district court's denial of its motion to alter or amend judgment, which it filed under Fed. R. Civ. P. 59. *See* Notice of Appeal (R.1-27.) On appeal, however, it did not brief the merits of this argument, and only mentioned it in a footnote. (Pl.'s Br. at 7 n.2.) Consequently, we deem this argument waived. *See Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen*, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987).