[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15648
Non-Argument Calendar
_____

Agency No. FAA


MICHEL A. PADILLA,

Petitioner,


versus


ADMINISTRATOR, FEDERAL AVIATION ADMINISTRATION,

Respondent.


_____

No. 15-15649
Non-Argument Calendar
_____

Agency No.  FAA


BRIAN A. WEISBLAT,

Petitioner,


versus

FEDERAL AVIATION ADMINISTRATION,

                                                                        Respondent.

_____

Petitions for Review of a Decision of the
Federal Aviation Administration
_____

(October 20, ,2016)

Before WILLIAM PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Petitioners Michel A. Padilla and Brian A. Weisblat appeal the Federal Aviation Administration's (FAA) decision to terminate their appointment as Training Center Evaluators.[1]  They argue that their termination letters did not state the reasons for termination with sufficient specificity, as required under the FAA's internal procedural rules.  After careful consideration, we deny their petitions for review.

I.

The FAA Administrator issues "airman certificates" to qualified individuals, which are akin to driver's licenses for pilots.  49 U.S.C. § 44703(a).  The Administrator "may delegate to a qualified private person" the authority to perform "the examination, testing, and inspection necessary to issue a certificate," as well

_____

[1] These cases were consolidated after briefing.

2

as the authority to "issu[e] the certificate" itself.  Id. § 44702(d)(1).  Individuals to whom the Administrator has delegated these certification duties are known as "designees."  FAA Order 8000.95 CHG 1, Vol. 1, at 3 (June 17, 2015).  Training Center Evaluator (Evaluator) is one type of designee.  Id. Vol. 1, at 4.  An Evaluator can conduct "flight tests necessary for issuing pilot certificates and ratings" and can "issue temporary pilot certificates and ratings."  14 C.F.R. § 183.23; see also id. § 142.3; FAA Order 8000.95 CHG 1, Vol. 7, at 1.  The Administrator "may rescind a delegation . . . at any time for any reason the Administrator considers appropriate."  49 U.S.C. § 44702(d)(2).

FAA Order 8900.1 contains the procedures that the FAA must follow when terminating a designee for cause.  The Order states that "the termination of a designation will be provided to the designee in writing, and the reasons cited will be as specific as possible."  FAA Order 8900.1 CHG 35, Vol. 13 ¶ 41 (March 19, 2015).  The Order also provides a template for a termination letter.  Id. Vol. 13 ¶ 41 fig. 4.  The designee may appeal the termination to an FAA appeal panel.  Id. Vol. 13 ¶ 41.

Padilla and Weisblat both had Evaluator designations.  On September 18, 2015, Padilla and Weisblat each received a letter notifying them that their designations were terminated for cause, effective immediately.  The only explanation for the termination provided in the letters was:

3

Your designation is being terminated for not performing your duties and responsibilities under your designation. Specifically, it was determined that you certificated an airman who did not meet the eligibility requirements of 14 C.F.R. § 61.153(b).[2]

Section 61.153(b) requires that recipients of an airline transport pilot certificate "[b]e able to read, speak, write, and understand the English language." 14 C.F.R. § 61.153(b). The termination letters contained no factual information as to when or how Padilla and Weisblat violated the English proficiency requirement, much less the names of the airmen certified in violation of this requirement.

Padilla and Weisblat timely filed administrative appeals. Both argued that the termination letters failed to cite the grounds for termination with adequate specificity and that this lack of specificity made it difficult to formulate an appeal. On October 22, 2015, Padilla and Weisblat received letters from the FAA affirming its decision to terminate their designations. These later letters identified the individual airmen that Padilla and Weisblat had certified who did not meet the English proficiency requirement.

II.

---

[2] The language quoted here is from Padilla's termination letter. The letter Weisblat received is identical except that Weisblat's letter said "you certificated airmen who did not meet the eligibility requirements" whereas Padilla's termination letter said "you certified an airman." The FAA found that Padilla had improperly certified one pilot and Weisblat had improperly certified three.

Padilla and Weisblat argue that the FAA violated its own procedural rules by terminating their designations without setting forth the reasons for termination with sufficient specificity.  Padilla and Weisblat concede that we do not have jurisdiction to review the merits of the FAA's decision to terminate a designation. See Steenholdt v. F.A.A., 314 F.3d 633, 634 (D.C. Cir. 2003) ("Because the decision is 'committed to agency discretion by law,' 5 U.S.C. § 701(a)(2) (1996), we have no jurisdiction to review the substance of the FAA's decision.").  But they challenge the FAA's decision on procedural rather than substantive grounds.

The Supreme Court has long entertained claims challenging an agency's employment decision on the ground that the agency failed to adhere to its internal procedural regulations.  See, e.g., Vitarelli v. Seaton, 359 U.S. 535, 540, 79 S. Ct. 968, 973 (1959); Service v. Dulles, 354 U.S. 363, 388, 77 S. Ct. 1152, 1165 (1957).  "[W]hen an agency establishes rules to govern its proceedings, these rules must be scrupulously observed."  George Kabeller, Inc. v. Busey, 999 F.2d 1417, 1420 (11th Cir. 1993) (citing Vitarelli, 359 U.S. 535, 79 S. Ct. 968).  This is true "even when [the agency's] regulations provide more protection than the Constitution or relevant civil service laws."  Doe v. U.S. Dep't of Justice, 753 F.2d 1092, 1098 (D.C. Cir. 1985).  Therefore, we do have jurisdiction to review whether the FAA followed its own procedural rules in terminating Padilla's and Weisblat's designations.  See Lopez v. Fed. Aviation Admin., 318 F.3d 242, 248 (D.C. Cir.

2003). When reviewing an agency's employment decision for compliance with its procedural rules, the petitioner must show that the agency "fell substantially short" of the applicable procedural requirement.[3] Vitarelli, 359 U.S. at 545, 79 S. Ct. at 975.

## III.

Padilla and Weisblat claim the FAA failed to abide by its own requirement that a letter terminating a person's designation "be as specific as possible" in citing the reasons for termination. FAA Order 8900.1 CHG 35, Vol. 13 ¶ 41. The termination letters they received cited the violation of a specific regulatory provision but included no facts. This, they argue, was not "as specific as possible."

In order to determine whether these letters complied with the FAA's specificity requirement, we must first determine what constitutes sufficient specificity under the requirement. The phrase "as specific as possible" is

---

[3] The parties suggest that the petitioners must show the substantial violation of an agency rule and that the petitioners were prejudiced by this violation. Because we find that there was no substantial violation of the FAA's specificity requirement, we do not reach the issue of whether the alleged violation resulted in prejudice. In any event, given the type of agency rule at issue, a showing of prejudice would not be required. It is well established that if an internal agency rule is "intended primarily to confer important procedural benefits upon individuals in the face of otherwise unfettered discretion," as is the case here, then the petitioner need not show prejudice. Am. Farm Lines v. Black Ball Freight Serv., 397 U.S. 532, 538, 90 S. Ct. 1288, 1292 (1970) (citing Vitarelli, 359 U.S. 535, 79 S. Ct. 968). All the petitioner must show is that the agency "fell substantially short of the requirements of the applicable departmental regulations." Vitarelli, 359 U.S. at 545, 79 S. Ct. at 975; see also Port of Jacksonville Mar. Ad Hoc Comm., Inc. v. U.S. Coast Guard, 788 F.2d 705, 709 n.5 (11th Cir. 1986) ("The [agency's] guideline clearly was intended to confer a procedural benefit and therefore, under the American Farm Lines framework, no inquiry into substantial prejudice was necessary.").

inherently open-ended. Without further guidance, these words "might well leave questions in the minds of local managers concerning the level of detail with which they are expected to set forth the reasons for a termination decision." Sheble v. Huerta, 755 F.3d 954, 958 (D.C. Cir. 2014). To alleviate the indeterminacy of the rule itself, FAA Order 8900.1 provides sample termination letters, including one for for-cause terminations. The sample letter serves as a template. It "illustrates for local managers how to implement the procedural requirements." Id. at 957. The template letter says:

> Your designation is being terminated [for not performing your duties under your designation] OR [because you no longer meet the eligibility requirements for the designation]. [Cite the reference to the regulation(s)/policy that was violated/noncompliant.]

FAA Order 8900.1 CHG 35, Vol. 13 ¶ 41 fig. 4.

The letters sent to Padilla and Weisblat were, in all substantive respects, a verbatim copy of this template letter. The D.C. Circuit has held that if a termination letter follows the template contained in FAA Order 8900.1 then the letter necessarily complies with the specificity requirement. See Sheble, 755 F.3d at 958. This makes sense. The template letter exhibits the FAA's understanding of what it means for the reasons for termination to be cited "as specific[ally] as possible." See id. The very purpose of the template is to give local managers an example of a letter that would satisfy the procedural requirements of FAA Order 8900.1. Letters that adhere to the prescribed template, such as those sent to Padilla

and Weisblat, cannot be said to "f[a]ll substantially short" of the specificity requirement. Vitarelli, 359 U.S. at 545, 79 S. Ct. at 975; see also Sheble, 755 F.3d at 958.

We recognize that a standard for deciding whether a letter is specific enough that pegs compliance to a minimalist template is in tension with a plain reading of the words "as specific as possible." There will no doubt be times when the FAA possesses, and is at liberty to disclose, more information than the template requires. Nevertheless, the rule we apply today—in which adherence to the template letter demonstrates substantial compliance with the specificity requirement—provides the FAA and its designees with a test that is clear and easy to apply. Other standards for determining what is "as specific as possible" lack administrability. None of this stops the FAA from voluntarily electing to state the reasons for termination in greater detail than the template contemplates. See Sheble, 755 F.3d at 958. But where a termination letter provides at least as much information as the template calls for, as is the case here, the FAA has substantially complied with the specificity requirement of FAA Order 8900.1.

Padilla's and Weisblat's petitions are **DENIED**.