[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13499

Non-Argument Calendar

_____

JUDY A. JOHNSON,

Plaintiff-Appellant,

*versus*

SECURITIES AND EXCHANGE COMMISSION,
U.S. DEPARTMENT OF JUSTICE,
U.S. ATTORNEY GENERAL,
U.S. ATTORNEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cv-60918-RLR

————————————

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Judy Johnson, proceeding pro se, appeals the district court's dismissal of her complaint seeking review of, and mandamus relief from, the Securities and Exchange Commission's decision to permanently bar her from the whistleblower program. On appeal, Johnson argues that the district court erred in dismissing her complaint for lack of subject-matter jurisdiction. In response, the SEC moves for summary affirmance, defending the district court's reasoning. After careful review, we **GRANT** the SEC's motion for summary affirmance because the district court correctly concluded that it lacked subject-matter over Johnson's complaint.[1]

---

[1] While the specific allegations in Johnson's complaint focus on the SEC, she also named the Department of Justice, Attorney General, and U.S. Attorney as defendants. On appeal, these non-SEC defendants also move for summary affirmance. In effect, that motion is unopposed because Johnson concedes that she has no objection to dismissing the non-SEC defendants. Even if that weren't the case, Johnson abandoned any potential arguments against them by failing to raise them in her initial brief. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc). Accordingly, we **GRANT** the non-SEC defendants' request for summary affirmance.

## I.

Summary disposition is appropriate in two contexts. First, when time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2] Second, when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Id.*

We review a district court's dismissal for lack of subject-matter jurisdiction de novo. *Stone v. Commissioner of Internal Revenue*, 86 F.4th 1320, 1324 (11th Cir. 2023). We may affirm the district court's judgment on any ground supported by the record, whether or not the district court relied on it. *Id.*

The statutory framework underlying the SEC's whistleblower program gives it "the authority to issue such rules and regulations as may be necessary or appropriate to implement the provisions of this section consistent with the purposes of this section." 15 U.S.C. § 78u-6(j). The SEC has utilized this authority to promulgate regulations governing the whistleblower program, including, as relevant here, 17 C.F.R. § 240.21F-8(e)(1). That regulation grants the SEC the authority to impose a permanent bar on a claimant if she makes three or more award applications found to be (1)

---

[2] Decisions of the former Fifth Circuit are binding precedent on this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

frivolous or (2) lacking a colorable connection between the tip and the SEC's actions for which the claimant is seeking awards. 17 C.F.R. § 240.21F-8(e)(1).

Importantly here, the relevant statutory framework also outlines how whistleblowers may challenge the SEC's determination about "whether" and "to whom" it will award whistleblower awards. 15 U.S.C. § 78u-6(f). Specifically, such challenges "may be appealed to the appropriate court of appeals of the United States not more than 30 days after the determination." *Id.* The SEC's whistleblower regulations further clarify that the appropriate courts of appeal for seeking review are the "United States Court of Appeals for the District of Columbia Circuit, or to the circuit where the aggrieved person resides." 17 C.F.R. § 240.21F-13(a).

## II.

We agree with the SEC that the district court lacked subject-matter jurisdiction over Johnson's complaint. To be sure, we have not specifically addressed whether § 78u-6(f) grants the courts of appeals exclusive jurisdiction. But we have held that where Congress specifically designates a forum for judicial review of administrative actions that forum is exclusive, even where Congress does not use the word "exclusive" in the statute. *Drummond Coal Co. v. Watt*, 735 F.2d 469, 475 (11th Cir. 1984). Significantly, that exclusive jurisdiction also extends to petitions for mandamus relief. *George Kabeller, Inc. v. Busey*, 999 F.2d 1417, 1423 (11th Cir. 1993). Because Congress has specifically designated the "court of appeals" as the appropriate forum for judicial review of SEC whistleblower

determinations, the district court lacked jurisdiction to review the SEC's decision to permanently bar Johnson from the whistleblower program. It likewise lacked jurisdiction over Johnson's request for mandamus relief.

In sum, the SEC's position is clearly correct as a matter of law, no substantial question exists as to the outcome of the case, and thus summary affirmance is appropriate here. *Groendyke Transp., Inc.*, 406 F.2d at 1162. Accordingly, the SEC's motion for summary affirmance is **GRANTED**.

**AFFIRMED.**