The CITY AND COUNTY OF SAN FRANCISCO, Petitioner,

v.

Donald D. ENGEN, Administrator of the Federal Aviation Administration, et al., Respondent.

No. 86–7505.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 1987.

Memorandum April 23, 1987.

Order and Opinion June 12, 1987.

As Amended Aug. 5, 1987.

Steven S. Rosenthal, Washington, D.C., for petitioner.

John A. Bryson, Washington, D.C., for respondent.

Before NELSON, KOZINSKI and NOONAN, Circuit Judges.

KOZINSKI, Circuit Judge:

### Facts

San Francisco owns and operates the San Francisco International Airport through the San Francisco Airport Commission ("Commission"). In September 1985, Burlington Northern Air Freight, Inc. ("Burlington"), asked the Commission for permission to fly Boeing 707s into the airport. The Commission staff rejected Burlington's request in October 1985, relying on San Francisco's local noise regulations. On April 15, 1987, after a public hearing, the Commission upheld its staff's rejection. Dissatisfied, Burlington filed a complaint with the FAA. The complaint charged that the Commission's enforcement of its local noise regulations constituted an "exclusive right," prohibited under 49 U.S.C. § 1349(a) (1982).

On July 7, 1986, the FAA staff issued its preliminary recommendation in the form of a Notice of Proposed Order. The staff proposed, among other things, that the FAA suspend current grants to San Francisco and refuse to make future ones. The City petitions for review the Notice under 49 U.S.C.A. § 1486 (Supp.1987), which gives the courts of appeals exclusive jurisdiction to review orders of the FAA issued under Chapter 20 of Title 49.

### Discussion

■ As the City admits, the FAA Administrator has not taken any final action on his staff's recommendation to suspend current grants. Even if an actual suspension were reviewable under section 1486(a), a mere staff recommendation to do so is not an "order" as that term is used in section 1486: A "*'final'* agency decision" imposing an obligation, denying a right, or fixing some legal relationship. *See Nevada Airlines, Inc. v. Bond,* 622 F.2d 1017, 1020 n. 5 (9th Cir.1980) (emphasis added).

■ The only matter as to which the City can claim to be aggrieved at this time

is the Administrator's apparent refusal to process the City's grant applications for fiscal years after 1985. However, any such refusal is an exercise of the Administrator's power under Chapter 31 of Title 49, not Chapter 20. *See* 49 U.S.C.A. § 2207(b) (Supp.1987). If such a refusal is reviewable at all, it is not reviewable by us under section 1486. Under that section our jurisdiction is limited to review of orders issued under Chapter 20.

### Conclusion

The petition is dismissed for lack of jurisdiction.