**Robert R. RUSSELL,**
**Plaintiff–Appellant,**

v.

**Otis R. BOWEN, Secretary of Health**
**and Human Services,**
**Defendant–Appellee.**

No. 87–1865.

United States Court of Appeals,
Ninth Circuit.

Argued Jan. 15, 1988.

Submission Vacated April 17, 1988.

Resubmitted June 1, 1988.

Memorandum Filed July 12, 1988.

Decided Aug. 31, 1988.

Harvey P. Sackett, San José, Cal., for plaintiff-appellant.

Michael R. Power, San Francisco, Cal., for defendant-appellee.

Before GOODWIN *, Chief Judge, NOONAN and THOMPSON, Circuit Judges.

### ORDER

The memorandum disposition herein filed on July 12, 1988, is hereby designated an opinion for publication.

### OPINION

GOODWIN, Chief Judge:

Robert Russell, a former counselor in the field of substance abuse rehabilitation, became partially incapacitated by reason of a cardio-vascular condition and sought disability insurance benefits under Title II of the Social Security Act (42 U.S.C. § 401 et seq.). He appeals the district court order which denied his petition for review of an administrative denial of benefits. We affirm.

Petitioner was born in 1926, and accordingly qualified for consideration as "an individual who is age 55 or over" and is

---

\* The case was argued before Judges Anderson, Noonan, and Thompson. Judge Anderson died before an opinion could be prepared, and Judge Goodwin was drawn by lot as a replacement. Judge Goodwin listened to the taped oral argument before participating in this decision.

limited to sedentary occupations. There is no dispute in this case concerning petitioner's medical condition or his inability to work at his former occupation as a rehabilitation counselor in the substance-abuse field. The only dispute on the cross motions for summary judgment was whether he had acquired skills that were transferable to a sedentary occupation within the meaning of the relevant regulations of the Department of Health and Human Services. *See* 20 C.F.R. § 404.1568. Petitioner contends that his skills are not transferable to sedentary work. The Administrative law judge found that some of his skills were transferable, and the Secretary, upon administrative review, did not disturb the finding. Accordingly, the only issue we are to decide is whether the finding against the petitioner is supported by substantial evidence. 42 U.S.C. § 405(g); *Miller v. Heckler*, 770 F.2d 845 (9th Cir.1985).

■ The petitioner's argument essentially consists of his disagreement with the agency's interpretation of skills, traits, and transferability, all words that he claims have specialized meaning in social security disability claims litigation. We need not, in this case, engage in the verbal embroidery necessary to resolve all the possible meanings of the words used in the regulation. It is probably true that the petitioner's skills in counseling are not necessarily transferable to all sedentary work, but there was evidence presented which would support a finding that there would be very little, if any, vocational adjustment required in terms of work processes, or job orientation in undertaking sedentary work in a variety of desk jobs. One expert witness testified to a number of jobs the petitioner could perform, even though his lack of formal education would probably preclude employment in many other sedentary jobs. It is not necessary to agree with everything an expert witness says in order to hold that his testimony contains "substantial evidence." *See, e.g., Vincent v. Heckler*, 739 F.2d 1393 (9th Cir.1984). Thus, the ALJ's determination that claimant possessed transferable skills is supported by substantial evidence.

Questions of credibility and resolutions of conflicts in the testimony are addressed to the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982); *Waters v. Gardner*, 452 F.2d 855, 858 n. 7 (9th Cir.1971). Thus, substantial evidence supports the finding that the skills petitioner acquired as a drug and alcohol counselor are readily transferable to alternative jobs.

■ Petitioner also claims that the Secretary failed to consider whether he possessed skills which are highly marketable. If petitioner had reached the age of 60 at the time of the Secretary's final decision, which he had not, he would not be considered able to adjust to sedentary or light work unless he had skills which are highly marketable. 20 C.F.R. § 404.1563(d) (1987). Petitioner argues that at the time of the final decision, he was "close to retirement age." *See id.* (defining "close to retirement age" as 60–64). The final decision, petitioner maintains, was effective at the time the Appeals Council reviewed the case. However, as stated by the district court, the Appeals Council did not issue a decision. Rather, on June 10, 1986, it denied review of the ALJ's decision. This rendered the ALJ's decision of September 20, 1985, the "final decision." On September 20, 1985 petitioner was 59 years 5 months old.

To support the district court's finding, the Secretary cites 20 C.F.R. § 404.981 (1987) which states that the Appeals Council's decision or the decision of the ALJ, if the request for review is denied, is binding unless an action is filed in district court or the decision is revised. *See also Cooper v. Bowen*, 815 F.2d 557, 559 (9th Cir.1987) (treating the ALJ's decision as the final decision of the Secretary of Health & Human Services where the Appeals Council declined to rehear Cooper's claim). While the petitioner correctly states that decisions of the Appeals Council are final decisions subject to review, in this case there was a denial of a review, not a decision by the Appeals Council. Thus the district court correctly determined that the ALJ's decision of September 10, 1985 became the

final decision of the Secretary for purposes of judicial review.

At the time of the final decision, petitioner was 59 years and 5 months old. Petitioner advances two arguments. First, this court has held that "... the regulation specifically provides that age categories will not be applied 'mechanically in a borderline situation.'" *Calvin v. Heckler*, 782 F.2d 802, 805 (9th Cir.1986), *quoting* 20 C.F.R. § 404.1563(a) (1987). *See also Gonzales v. Secretary of Health & Human Services*, 784 F.2d 1417, 1420 (9th Cir.1986). ("It is incumbent upon the Secretary to decrease his reliance upon the grids in cases where the individual claimant's circumstances approach the upper limits of the grid's guidelines.") Second, petitioner argues that he was 60 years 2 months before the Appeals Council decision was rendered.

The Secretary's position is correct. First, at the time of the final decision, petitioner was not yet 60. Second, this is not a borderline case. Petitioner was more than a few days short of the cut-off date, and was in fact closer to age 59 than to age 60. Line drawing is reasonable and in accordance with the express language and purpose of these regulations. Moreover, we have recognized that the distinction drawn in the regulations between 49 and 50 may be imperfect, but it is not irrational. *Calvin*, 782 F.2d at 806. Similarly, the distinction between age 59 and age 60 is not irrational. Lines must be drawn at some point, otherwise there would be no efficient way to utilize the Grid system.

■ The final issue is whether the petitioner presented new evidence to the district court which would warrant a remand. He attempted to introduce two additional pieces of evidence on appeal to obtain a reversal of the Secretary's final decision—first, a letter from a vocational expert, and second, a memorandum written by an analyst on the Appeals Council's staff.

The pertinent regulation provides that the Appeals Council will review a case if new and material evidence is submitted and if the council finds that the ALJ's action, findings or conclusions are contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). Here, the Council denied review because it found that the new letter did not warrant review under this regulatory standard. The Appeals Council found that the new vocational report "... did nothing but restate the conflicting vocational expert testimony of Dr. Meadow and adds nothing of substance to the record." The new letter stated that the claimant did not have skills which could be transferred to alternative employment. The letter stated in effect that petitioner's training was highly specific and could not carry over to the jobs that require professional masters or doctoral level practice. This was, of course already obvious in the record. The letter also stated that in view of petitioner's age, his inability to engage in a high stress kind of work left him with no transferable skills. However, no new or material information was presented to show that the ALJ erroneously resolved the conflict between the vocational experts' opinions.

■ The second piece of new evidence was the staff analyst's memorandum. Courts are authorized to review only the Secretary's final decision, the evidence in the administrative transcript on which the decision was based, and the pleadings. 42 U.S.C. § 405(g). The extra-record memorandum submitted by petitioner to the district court obviously is none of these things. A staff member's summary of facts, analysis and recommendation is not judicially reviewable under 42 U.S.C. § 405(g). *Cf. City and County of San Francisco v. Engen*, 819 F.2d 873, 874–75 (9th Cir.1987) (mere FAA staff recommendation is not judicially reviewable under 49 U.S.C.A.App. § 1486 (West Supp.1987)). The district court did not abuse its discretion in denying petitioner's request for remand.

## CONCLUSION

The decision of the Secretary that claimant had transferable work skills and was not disabled was supported by substantial evidence and was not infected with legal

error. Accordingly, the judgment is AFFIRMED.