**Ramon C. MADRIGAL, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendants.**

No. C–90–20319–WAI.

United States District Court, N.D. California.

Oct. 24, 1991.

Harvey P. Sackett, San Jose, Cal., for plaintiff.

Mary Beth Uitti, Asst. U.S. Atty., San Francisco, Cal., for defendants.

## ORDER

INGRAM, District Judge.

Plaintiff seeks judicial review of the final decision of the Secretary of Health and Human Services ("Secretary"), denying plaintiff's claim for disability insurance benefits. Presently before the court are plaintiff's motion to remand and defendant's motion for summary judgment. Having considered the parties' moving papers and the arguments contained therein and for good cause appearing, it is HEREBY ORDERED that plaintiff's motion is DENIED and defendant's motion is GRANTED.

Plaintiff has moved to vacate the Secretary's decision and remand for further proceedings on the grounds that plaintiff should have been considered as being age fifty for purposes of determining whether or not plaintiff is disabled, and that the Administrative Law Judge's ("ALJ") determination that plaintiff is able to perform light work is not supported by substantial evidence.

### I. *Background*

Plaintiff filed an application for social security disability insurance benefits on June 23, 1987. Plaintiff's application was denied both initially and again on reconsideration. Plaintiff then filed a request for a hearing before an ALJ. The ALJ rendered a decision in favor of the Secretary. On review, the Appeals Council vacated the ALJ's decision, and remanded the case for a new hearing.

On remand, a second hearing was held before another ALJ. On August 22, 1989, he also rendered a decision in favor of the Secretary. The Appeals Council declined review thereby making the August 22, 1989 decision the final decision of the Secretary. On May 25, 1990, plaintiff filed this action.

Plaintiff Ramon Madrigal was born on March 21, 1940 in Mexico. He has had no formal education. He taught himself to read and write Spanish. He can also read and speak some English. His past work was in unskilled and manual labor positions. Before his accident, he was working at Sanco Pipeline as a construction laborer performing tasks such as installing sewer lines, water pipes, grading, clearing and other construction duties. (Tr. 228–29).

Plaintiff was injured July 30, 1985 while on the job. He had been working in a ditch when a large object fell on his head, neck and shoulder area momentarily knocking him unconscious. He was taken to the hospital where he was examined and released. (Tr. 227)

Plaintiff claims that he is disabled because of a cervical and spine strain. (Tr. 95). Plaintiff further claims that he suffers neck, back and limb pain. (Tr. 8).

### II. *ALJ's Findings*

Upon remand, the ALJ found that while plaintiff is unable to perform his past relevant work as a construction worker, he is capable of performing a significant number of light work jobs in the national economy. (Tr. 10). The ALJ further found that the plaintiff's complaints of pain are exaggerated and not supported by the medical evidence in the record. The ALJ also determined that the plaintiff was forty-nine years old at the time of the decision. Based on plaintiff's age and his ability to do light work, the ALJ found plaintiff not to be disabled.

### III. *Standard of Review*

The court must affirm the ALJ's determination unless upon review of the record as a whole, the court finds the ALJ to have committed legal error or that the ALJ's determination is not supported by substantial evidence in the record. *Bates v. Sullivan*, 894 F.2d 1059 (9th Cir.1990). "Substantial evidence means 'more than a mere scintilla' ... but 'less than a preponderance....' It means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion....' This court must review the record as a whole and consider adverse as well as sup-

porting evidence." *Id.* at 1061 (citations omitted).

### IV. *Discussion*

#### A. *Legal Error.*

■ Plaintiff argues that he turned fifty before the Secretary's final decision. Therefore, he should have been considered as a person who was "closely approaching advanced age." As such, plaintiff would be considered disabled on the vocational grids. 20 CFR Pt. 404, Subpt.P, App. 2.

The plaintiff is correct that his age is to be determined at the time of the Secretary's final decision. *See Russell v. Bowen,* 856 F.2d 81, 83–84 (9th Cir.1988). When the Appeals–Council denies review, however, the Secretary's final decision is the underlying decision of the ALJ. 20 CFR § 404.981. While plaintiff may have turned fifty by the date the Appeals Council denied review, he was only forty-nine at the time of the ALJ's decision. Therefore, no legal error was made.

■ Furthermore, it was not legal error for the Appeals Council to deny review even if plaintiff turned fifty before that decision. The Appeals Council is a reviewing board only. "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 CFR § 404.970.

#### B. *Changed Circumstances.*

■ Plaintiff argues that at a minimum, his age change should constitute changed circumstances justifying a remand. However, plaintiff's change in age after the ALJ decision does not satisfy the changed circumstances standard. "A claimant seeking remand [based on changed circumstances] must demonstrate that there is 'new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Clem v. Sullivan,* 894 F.2d 328, 332 (9th Cir.1990) (citation omitted). The new evidence must be probative of plaintiff's "condition as it existed at the relevant time—at or before the disability

hearing." *Sanchez v. Secretary of Health and Human Services,* 812 F.2d 509, 511 (9th Cir.1987). When the evidence presented is probative of plaintiff's present condition, this new evidence "would be material to a new application, but not probative of his condition at the hearing." *Id.* at 512. *See Ward v. Schwieker,* 686 F.2d 762, 765–66 (9th Cir.1982).

In the case at bar, plaintiff's age change is not probative of his condition at the time of the second ALJ's decision. Plaintiff will have to file a new application with the Secretary to be considered at the higher age level. Accordingly, the court finds that there was no legal error which would justify remand.

#### C. *Substantial Evidence for ALJ's Determination.*

■ Plaintiff also argues that the court should vacate the ALJ's decision and remand for further proceedings on the ground that the ALJ's decision was not supported by substantial evidence. Plaintiff makes this argument in passing and without elaboration or discussion.

Upon an independent review of the record, the court finds that there was substantial evidence to support the ALJ's ruling that plaintiff is not disabled. Plaintiff's treating physician, Dr. Raul Guisado, stated that plaintiff's subjective complaints were not fully explained by the objective evidence. (Tr. 209). The doctor found no clinical evidence of disease of the spine or roots of the spinal nerves. (Tr. 210) Dr. Nchekwube, the neurosurgeon who plaintiff consulted on recommendation of Dr. Guisado, found no neurological deficits and felt that surgery was not necessary. (Tr. 256–257).

The ALJ may resolve conflicts in the evidence, including conflicting medical testimony. *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989). The ALJ specifically rejected, as unsupported and contradicted by the evidence, the opinion of consulted physician Dr. Jose Antonio Aguilar that plaintiff was limited to semi-sedentary work. (Tr. 9).

The court finds there is substantial evidence in the record to support the ALJ's conclusion that plaintiff is not disabled.

### D. ALJ Properly Disregarded Plaintiff's Subjective Complaints of Excess Pain.

 The ALJ's determination that plaintiff's complaints were exaggerated is supported by substantial evidence. It is within the ALJ's discretion to determine whether plaintiff's complaints of pain were credible. *Russell*, 856 F.2d at 83. Furthermore, the ALJ's credibility assessment is entitled to great weight. *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir.1985).

The Ninth Circuit en banc recently upheld the *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir.1986), standard for evaluating subjective complaints of pain in *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir.1991). Thus, an ALJ can disregard excess pain testimony "whenever the claimant fails to submit objective medical findings establishing a medical impairment that could reasonably be expected to produce the claimed pain." *Cotton*, 799 F.2d 1403, 1407 (9th Cir.1986). If the ALJ disregards such testimony, he must make specific findings justifying the decision. *Id.* However, an ALJ cannot discredit excess pain testimony "solely on the ground that it is not fully corroborated by objective medical findings." *Id.*

The ALJ's decision satisfies the *Cotton* standard. The ALJ supported his conclusion by making specific medical findings on this issue and also incorporated the prior specific medical findings made in the first hearing. The ALJ found that while only Dr. Aguilar limited plaintiff to semi-sedentary work, that doctor noted that the patient was under no medication and under no treatment. (Tr. 9). Dr. Guisado, the treating doctor, found no evidence of a significant abnormality. (Tr. 9). The psychiatric report of Dr. Curry states that anticipated remuneration is involved so he recommended prompt closure of the case. (Tr. 262). Dr. Clarke, a consulted psychiatrist, mentioned that while the claimant initially exhibited stiffness and moved his body as a unit, later in the interview he was able to move his head fairly freely and he shrugged his shoulders one time. (Tr. 262). The evidence discussed by the ALJ went beyond mere lack of corroboration and actually questioned the sincerity of plaintiff's subjective complaints of pain. The ALJ's decision to find that plaintiff exaggerated his complaints of pain is supported by substantial evidence in the record.

### V. Conclusion

Upon a review of the record, the court finds that no legal error was made and that the ALJ's determination that plaintiff is not disabled is supported by substantial evidence in the record. Based on the foregoing, plaintiff's motion for remand is DENIED and defendant's motion for summary judgment is GRANTED.