IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-40989

_____

JUAN M. BRYAN,

Plaintiff-Appellant,

versus

WILLIAM A. HALTER, ACTING COMMISSIONER
OF SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
(C-98-CV-376)

_____

April 5, 2001

Before REYNALDO G. GARZA, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:[*]

Juan M. Bryan asks this Court to reverse the district court's affirmance of the Commissioner's decision, which denied his request for disability insurance benefits and supplemental security income (SSI). We find his arguments unpersuasive and now affirm.

Bryan applied for disability benefits and SSI on March 17, 1993, alleging that he was disabled due to coronary artery disease and hypertension. Following the Commissioner's denial of Bryan's

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim, he requested reconsideration on the grounds that his disability was also due to two herniated discs in his back. This request was denied. An administrative law judge (ALJ) subsequently determined that Bryan was not entitled to disability benefits or SSI.

The Appeals Council granted Bryan's request for review and vacated the ALJ's decision. The Council remanded the case for rehearing in light of the fact that Bryan was admitted to the hospital shortly after issuance of the ALJ's decision and was diagnosed with three-vessel coronary artery disease. After a new hearing, the ALJ again concluded that Bryan was not entitled to either disability benefits or SSI. Bryan then sought review in the U.S. District Court for the Southern District of Texas. Although the magistrate judge recommended reversal, the district court did not adopt its recommendations. The district court granted summary judgment in favor of the Commissioner. Bryan appeals this ruling.

We review the denial of disability benefits and SSI according to the same standard.[1] The Commissioner's decision is given great deference on review and will not be disturbed unless substantial evidence does not exist in the record to support this determination, or an error of law was made.[2] The Commissioner employs a five-step inquiry to determine whether a claimant

---

[1] *See Haywood v. Sullivan*, 888 F.2d 1463, 1467 (5th Cir. 1989).

[2] *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

qualifies as "disabled." The Commissioner must consider: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment is listed in Appendix I of the Social Security regulations, or equivalent to a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.[3] Once the claimant has met his burden to prove disability at the first four steps, the Commissioner must prove that the claimant is capable of performing other substantial gainful activity. If the Commissioner demonstrates that potential alternative employment exists for the claimant, the burden shifts back to the claimant to prove he cannot perform the alternative employment.[4] If, at any step in the preceding inquiry, the Commissioner finds that the claimant is or is not disabled, the inquiry is concluded.[5]

Bryan contends that the ALJ's decision was not supported by substantial evidence. He argues, first, that his impairments constituted listed impairments or were equivalent to these impairments. The medical evidence in the record provides substantial evidence to support the ALJ's determination that

---

[3] *See* 20 C.F.R. §§ 404.1520, 416.920 (2001); *Leggett*, 67 F.3d at 563 n.2.

[4] *See Haywood*, 888 F.2d at 1467.

[5] *See Leggett*, 67 F.3d at 564.

Bryan's herniated disc impairment did not meet the requirements for, or was not medically equivalent to, Listing 1.05C.[6]

Bryan also points to medical evidence of chronic heart failure and coronary artery disease.[7] This evidence was derived from examinations which took place after the ALJ issued its decision on July 24, 1996. Bryan fails to challenge the Appeals Council's finding that this evidence was not material to his disability determination.[8] He has therefore waived this argument.[9]

Bryan also contends that the ALJ erred in assessing the credibility of his complaints of pain. Bryan argues that his credibility was simply not at issue.[10] However, the ALJ found evidence establishing residuals from cervical disc herniation and

---

[6] *See* 20 C.F.R. pt. 404 subpt. P, app. 1 pt. A, § 1.05C (2001).

[7] *See* 20 C.F.R. pt. 404 subpt. P, app. 1 pt. A, §§ 4.02, 4.04C.

[8] *See* 20 C.F.R. § 404.970(b) (2001) (stating that the Appeals Council will only consider new evidence if the evidence is material and relates to the period on or before the date of the ALJ's decision).

[9] *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). He also asserts in a conclusory fashion that he meets the listing for hypertension, cervical spondyosis, vision loss, and hyperlipidemia. However, he fails to refer to any specific evidence or authorities - aside from Appendix I of the regulations - in support of this conclusory assertion. *See* Fed. R. App. P. 28(a)(9)(A) (2001).

[10] *See Ripley v. Chater*, 67 F.3d 552, 556 (5th Cir. 1995) (stating that an ALJ need not address a claimant's complaints of pain if no impairment was established that would reasonably be expected to produce such pain).

4

a cardiac condition. The ALJ consequently established the existence of impairments that could reasonably be expected to cause Bryan's pain; it was not error for the ALJ to assess the credibility of his complaints of pain. We also find that substantial evidence supported the credibility determination itself, given the ALJ's findings that Bryan exaggerated his symptoms and failed to follow his prescribed treatment regimen.[11]

Bryan also challenges the ALJ's determination regarding his residual functional capacity (RFC). The ALJ found that Bryan could perform a wide range of light work despite his need to periodically shift positions. Substantial evidence supports this determination.

Bryan further asserts that he qualified as disabled under 20 C.F.R. § 416.962. Under section 416.962, a claimant is considered disabled if (1) he possesses only marginal education; (2) he demonstrates work experience of 35 years or more performing arduous unskilled physical labor; (3) he is currently not working; and (4) due to a severe impairment, he is unable to perform the arduous unskilled physical labor he had previously engaged in. Given that Bryan only worked for 32 years before stopping, this argument is meritless. Substantial evidence therefore supports the ALJ's RFC determination.

---

[11] *See* 20 C.F.R. §§ 404.1530, 416.930 (stating that claimants are ineligible for benefits if they fail to follow prescribed treatment without good reason); *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (articulating the deferential standard of review applicable to an ALJ's credibility determination).

5

Bryan next argues that he should be considered disabled due to his advanced age. Persons age 55 and older are classified as being of "advanced age."[12] Under Rule 202.02 of the Medical Vocational Guidelines, a claimant is considered disabled if he exhibits advanced age; possesses limited education; suffers from a severe impairment; has a nontransferable semi-skilled work background; and is capable of performing light work.[13] According to the ALJ's findings, Bryan met each of these criteria except the "advanced age" requirement. On the date of the ALJ's decision, Bryan was 53 years old; he only turned 55 three weeks prior to the Appeals Council's denial of his request for review. Because Bryan was not 55 on the date of the ALJ's decision, he does not qualify as being of "advanced age."[14] Substantial evidence therefore supports the Commissioner's determination that Bryan was not disabled.

In light of the preceding, we hereby AFFIRM the district court's judgment.

AFFIRMED.

---

[12] 20 C.F.R. §§ 404.1563(d), 416.963(d).

[13] 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.02.

[14] *See McQueen v. Apfel*, 168 F.3d 152, 154-56 (5th Cir. 1999); *accord Russell v. Bowen*, 856 F.2d 81, 83-84 (9th Cir. 1988); *Crady v. Secretary of Health & Hum. Servs.*, 835 F.2d 617, 620 (6th Cir. 1987).