**Herman GREY, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.**

No. 03–57015.

D.C. No. CV–03–00974–RZ.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 14, 2005.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Leo R. Montenegro, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM***

Herman Grey appeals the district court's judgment affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383d. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's judgment and must uphold the Commissioner's decision if it is supported by substantial evidence and is free of legal error. *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir.1999). We affirm.

We reject Grey's contention that the Commissioner erred by denying his application for benefits because new evidence that he submitted to the Appeals Council ("AC") established that he had a severe mental impairment.[1] The parties agree that to establish eligibility for SSI disability benefits, Grey had to prove that he

Herman Grey, Law Offices of Lawrence D. Rohlfing, Santa Fe Springs, CA, pro se.

R.App. P. 34(a)(2).

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Ordinarily, we review the decision of the Administrative Law Judge ("ALJ") because, upon denial of review by the AC, the ALJ's decision becomes the final agency decision. 20 C.F.R. § 416.1481; *Russell v. Bowen,* 856 F.2d 81, 83–84 (9th Cir.1988). Where the claimant submits evidence after the ALJ's decision, however, and the AC specifically considers that evidence, we consider the rulings of both the ALJ and the AC, and the record for review includes the new evidence. *Ramirez v. Shalala,* 8 F.3d 1449, 1451–52 (9th Cir.1993).

suffered from a severe impairment during the relevant period—between October 6, 1999, when he filed his application for benefits, and October 26, 2001, the date of the ALJ's decision.

The evidence that Grey submitted to the AC does not demonstrate that he had a severe mental impairment during the relevant period. *See Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir.1995) (to satisfy burden of proof, "[c]laimant must produce complete and detailed objective medical reports of [his] condition from licensed medical professionals"). The medical evidence supporting Grey's claim is a physician's evaluation noting that Grey had been hospitalized three times for psychiatric reasons and a social worker's assessment stating that he had schizophrenia. But both of these documents are dated April 8, 2002, nearly six months after the ALJ's decision, and neither provides any detail about the dates of Grey's hospitalization or the onset of his mental illness. In addition, a document dated March 12, 2002, lists prescribed psychiatric medications but does not indicate when Grey began taking these medications.

Accordingly, because the evidence does not demonstrate that Grey had a severe mental impairment during the period between October 6, 1999, and October 26, 2001, the Commissioner properly denied his application for SSI disability benefits. *See Bates v. Sullivan,* 894 F.2d 1059, 1064 (9th Cir.1990), *overruled on other grounds, Bunnell v. Sullivan,* 947 F.2d 341, 342 (9th Cir.1991) (en banc).

Moreover, we reject Grey's contention that, by considering the evidence he submitted after the ALJ's decision, the AC made a conclusive determination that this evidence was material to the period between October 1999 and October 2001. In fact, the AC's decision stated that the new-

ly-submitted evidence did "not provide a basis for changing the [ALJ]'s decision," thus indicating that the AC concluded that it was not material. *See Booz v. Sec'y of Health & Human Servs.,* 734 F.2d 1378, 1380–81 (9th Cir.1984) (new evidence is material when it creates a reasonable possibility that the outcome of the case would be different); *see also Mayes v. Massanari,* 276 F.3d 453, 462 (9th Cir.2001) (reviewing de novo the issue of whether new evidence is material and concluding that claimant had not demonstrated a reasonable possibility that a condition diagnosed in November 1997 existed at the time of the ALJ hearing in May 1997).

Finally, we note that the Commissioner concedes that Grey can file a new application for benefits based on evidence of an impairment that post-dates the agency's final decision in this matter. *See Sanchez v. Sec'y of Health & Human Servs.,* 812 F.2d 509, 512 (9th Cir.1987).

**AFFIRMED.**