FILED

JUL 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREA HULME, | No. 10-35211 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01627-RSM |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted March 22, 2011[**]

Before: SKOPIL, FARRIS, and LEAVY, Circuit Judges.

Andrea Hulme appeals pro se the district court's decision to affirm the

agency's denial of her request for continued disability benefits. The district court

determined that Hulme's substance abuse renders her ineligible for continued

benefits. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

In 1996 Congress amended the Social Security Act to preclude an award of disability benefits whenever drug abuse is "a contributing factor material to the Commissioner's determination that the individual is disabled." *Parra v. Astrue*, 481 F.3d 742, 744 (9th Cir. 2007) (quoting 42 U.S.C. § 423(d)(2)(C)). The key factor in determining materiality is whether the claimant would still be found disabled if the drug use stopped. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001) (citing 20 C.F.R. § 404.1535)). An administrative law judge (ALJ) concluded that Hulme's substance abuse is a "contributing factor" because if she stopped using drugs, she could return to a former occupation, or alternatively, she could perform other jobs in the national economy.

Substantial evidence supports the ALJ's determination. Hulme has a long history of substance abuse. She nonetheless argues she also suffers from post-traumatic stress disorder (PTSD) which the ALJ mischaracterized as an "anxiety disorder." The ALJ did not, however, ignore Hulme's PTSD or mischaracterize the disorder. PTSD is an anxiety disorder and there are references throughout the ALJ's decision crediting doctors' opinions that Hulme suffers from the disorder. Nonetheless, Hulme's medical treatments focused primarily on her substance abuse rather than her PTSD, and as the ALJ noted, when she "was not regularly abusing drugs, she was able to function and cope much better." Indeed, doctors reported

that Hulme's PTSD was "fairly quiet" with only "mild symptoms" and that when she gets "plugged into" treatment programs, she does "really well" and her sleep, energy, and mood is better. Hulme did not meet her burden of proving that her drug addiction is not a contributing factor material to her disability. *See Parra*, 481 F.3d at 744-45 (noting claimant has the burden of proof).

Hulme contends she was prevented from submitting additional evidence to support her "co-morbidity" theory. The record does not support that contention. Although she asserts the ALJ refused to accept supplemental evidence, Hulme was then represented by counsel who stated nothing more needed to be added. Hulme next contends that her "lay representative" failed to offer evidence of co-morbid conditions, but again, Hulme was represented by counsel. The record also does not support Hulme's allegations that her counsel were not really attorneys or that they acted on her behalf even after she fired them. There is also no support for Hulme's contentions that the ALJ refused to permit lay testimony.

Hulme did seek to add evidence to the record after the ALJ's decision, including extracts from the internet and medical articles discussing PTSD, fibromyalgia, and the co-morbidity of substance abuse with other mental disorders. These submissions do not, however, relate to Hulme's personal or medical circumstances. The Appeals Council may decline to review additional evidence

-3-

that is not new and material. *Russell v. Bowen*, 856 F.2d 81, 84 (9th Cir. 1988) (citing 20 C.F.R. § 404.970(b)). Similarly, the district court is not required to remand unless the submitted evidence is material to determining the claimant's disability and there is good cause for the claimant's failure to produce the evidence earlier. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (citing 42 U.S.C. § 405(g)).

Finally, the Commissioner argues the district court erred by reinstating Hulme's prior award of disability benefits. The Commissioner did not, however, cross-appeal the district court's ruling, and thus our review is limited to those issues raised by Hulme. *See Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004) (limiting issues to claimant's appeal when the Commissioner failed to cross-appeal issues decided in claimant's favor). Moreover, we note the district court previously affirmed that award of benefits and remanded solely to determine whether Hulme was entitled to continued benefits. Thus, the ALJ's decision to vacate the closed period award violated the court's remand order.

**AFFIRMED**.