**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN A. HORNBUCKLE, | No. 17-35705 |
| Plaintiff-Appellant, | No. 6:16-cv-01108-BR |
| v. | MEMORANDUM[*] |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted July 10, 2018[**]

Before: LEAVY, TROTT, and SILVERMAN, Circuit Judges.

Kevin A. Hornbuckle appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. §

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ did not err at Step Two of the sequential analysis by not finding depression constituted a severe impairment. The record supports the ALJ's conclusion that, while two consulting psychologists diagnosed Hornbuckle with depression, the record did not show Hornbuckle had any limitations stemming from his depression that would significantly affect his ability to perform basic work activities. Furthermore, because the ALJ decided Step Two in Hornbuckle's favor and considered the evidence of Hornbuckle's depression in subsequent steps, Hornbuckle "could not possibly have been prejudiced," thus rendering any error harmless. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (citation omitted).

The ALJ did not err in discounting Hornbuckle's testimony. The ALJ cited specific, clear, and convincing reasons for discounting Hornbuckle's statements, including inconsistencies in Hornbuckle's testimony, Hornbuckle's erratic work history, evidence of Hornbuckle's motivation to obtain benefits, and the lack of supporting objective medical evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *Matney ex rel. Matney v. Sullivan*,

981 F.2d 1016 (9th Cir. 1992); *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

Hornbuckle contends that the ALJ erred in relying upon Hornbuckle's daily living activities to afford less weight to his testimony. While the ALJ summarized Hornbuckle's reported activities in his decision, the ALJ did not cite this information as grounds for discounting his testimony. Thus, Hornbuckle's argument does not address the ALJ's reasoning. In addition, any error in relying upon Hornbuckle's lack of treatment, in light of Hornbuckle's claims he had been unable to afford treatment at times, was harmless because the ALJ provided several other valid reasons for rejecting Hornbuckle's testimony. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

The ALJ did not err in evaluating the medical opinion evidence. The ALJ supported rejecting treating physician Dr. Keiper's opinion by explaining it was internally inconsistent and lacked support from objective medical evidence, which are specific and legitimate reasons for discounting medical opinions. *See Trevizo*, 871 F.3d at 675; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Hornbuckle contends there is a contradiction within Dr. Keiper's notes and advocates for an alternative interpretation. The ALJ, however, is charged with resolving such conflicts in the medical evidence. *See Tommasetti v. Astrue*, 533

F.3d 1035, 1041-42 (9th Cir. 2008). We uphold the ALJ's rational interpretation. *See Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

The ALJ also properly supported the decision to discount treating physician Dr. Gabriele's opinions, citing the limited length of the treatment relationship for her initial opinion rendered during Hornbuckle's first visit, as well as infrequency of treatment for subsequent opinions. *See Garrison v. Colvin*, 759 F.3d 995, 1012 n.11 (9th Cir. 2014) (citation omitted). The ALJ also relied upon the lack of supporting medical evidence, *see Bayliss*, 427 F.3d at 1216, and Dr. Gabriele's reliance on the Hornbuckle's reports of his symptoms and limitations, which the ALJ properly discounted, *see Tommasetti*, 533 F.3d at 1041.

The ALJ did not err at Step Five. Hornbuckle's argument turns upon his contentions of error concerning previous steps in the ALJ's analysis, which lack merit. The ALJ properly relied upon the fact that Hornbuckle's age group changed to "closely approaching advanced age" on his fiftieth birthday when determining he was disabled as of August 20, 2012. *See* 20 CF.R. Pt. 404 App. 2 §§ 201.00(g), 201.14; *Russell v. Bowen*, 856 F.2d 81, 84 (9th Cir. 1988) (citation omitted).

The ALJ did not err by denying the subpoena requests Hornbuckle submitted without his attorney's knowledge. Hornbuckle did not challenge the ALJ's denial of his subpoena requests in district court, where he was represented by counsel, and therefore he has waived the issue. *See Warre v. Comm'r of Soc. Sec. Admin.*,

439 F.3d 1001, 1007 (9th Cir. 2006). Moreover, concerning the merits of his requests, Hornbuckle has not demonstrated these subpoenas were necessary to reveal "facts [that] could not be proven without issuing a subpoena," or that such additional testimony was "reasonably necessary for the full presentation of a case." *See* 20 C.F.R. §§ 404.950(d), 416.1450(d).[1]

**AFFIRMED.**

---

[1] Hornbuckle's "Motion for Leave to Amend" is denied. (Docket Entry No. 15). Hornbuckle's request to schedule oral argument is denied. (Docket Entry No. 27).