**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUSIE GARZA,

               Plaintiff-Appellant,

   v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

               Defendant-Appellee.

No.   18-15197

D.C. No. 2:16-cv-01706-KJN

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted August 19, 2021**

Before: GOODWIN, CANBY, and SILVERMAN, Circuit Judges.

    Susie Garza appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Garza's application for supplemental

social security income under Title XVI of the Social Security Act. We have

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo,

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

At step two, the Administrative Law Judge ("ALJ") properly applied the special technique for evaluating mental impairments in concluding that Garza's depression was not a severe impairment. *See* 20 C.F.R. § 404.1520a; *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011). Substantial evidence supports the ALJ's conclusion that Garza's depression was not severe because the record reflected limited treatment, normal mental status exams, and that her depression was in full remission. *See* 20 C.F.R. § 404.1520a(d)(1); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (this court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record"). Moreover, the ALJ properly considered the four broad functional areas, finding that Garza's medically determinable mental impairment caused no restrictions in activities of daily living; no limitations in social functioning; mild limitations in concentration, persistence, and pace; and no episodes of decompensation of extended duration. *See Keyser*, 648 F.3d at 725.

At step three, substantial evidence supports the ALJ's conclusion that Garza failed to meet her burden of proving that she has an impairment that meets or equals Listing 11.04, vascular insult to the brain. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (claimant bears the burden of proving that he has an impairment that meets or equals the criteria of a listed impairment). The ALJ

properly relied on medical evidence indicating that Garza's disturbed gross and dexterous movements, or gait and station, occurred only intermittently and did not appear for significant portions of the adjudicatory period.

The ALJ properly relied on the vocational expert's testimony indicating that Garza was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217–18 (9th Cir. 2005) (ALJ may properly limit a hypothetical to restrictions supported by substantial evidence in the record). First, the ALJ's questions to the vocational expert properly took into account Garza's limited education and skills, and the ALJ was not required to include in his hypothetical limitations that he did not adopt. *See id*. Second, the ALJ did not err in failing to address the borderline age category because Garza was not in a borderline age category on the date of the ALJ's decision. *See Russell v. Bowen*, 856 F.2d 81, 84 (9th Cir. 1988) (rejecting petitioner's argument that the date the Appeals Council denied review should determine whether he was in a borderline age category). Finally, the ALJ did not err in limiting Garza's residual functional capacity to occasionally handle, finger, or feel with her left upper extremity, because that limitation is consistent with Dr. Sharma's assessment that she was limited in "holding, feeling, and fingering objects with the left hand to occasionally."

Garza waived any challenge to the ALJ's determination that her testimony was not entirely credible and to the ALJ's evaluation of the medical opinion evidence by failing to raise them in her opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) ("we review only issues which are argued specifically and distinctly in a party's opening brief") (citation and internal quotation marks omitted).

**AFFIRMED.**