# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-60069
Summary Calendar

BERHANU YOHANNES AMOSIE; TERUWORK GEBRWOLD ELORO, also
known as Teruwork Gebrwold Cheveny

Petitioners

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A75 480 599
A75 480 600

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Berhanu Yohannes Amosie and Teruwork Gebrwold Eloro, a married couple who are natives and citizens of Ethiopia, petition this Court for a review of a decision of the Board of Immigration Appeals (BIA). The BIA dismissed the petitioners' appeal of an order of an Immigration Judge (IJ) denying their applications for asylum, withholding of removal, and relief under the Convention

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Against Torture (CAT). The BIA concluded that the petitioners had not met their burden of demonstrating eligibility for relief because their claim lacked sufficient consistency and plausibility to provide a coherent account of the events allegedly resulting in their fear of return to Ethiopia. In so ruling, the BIA upheld the IJ's finding that the petitioners were not credible.

The petitioners now argue that the IJ erred in finding certain of their factual allegations implausible and in finding that, in light of these implausibilities, the corroborating evidence supporting their claims was insufficient. They also argue that (1) they were credible witnesses because they testified consistently throughout the proceedings; (2) the IJ's adverse credibility finding was not supported by specific, cogent reasons; and (3) the BIA abused its discretion in adopting the adverse credibility finding because it was based purely on speculation and conjecture.

This Court generally reviews only the BIA's decision; however, we may review the IJ's decision to the extent that it influences the BIA. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). Here, the BIA approved of and relied on the IJ's credibility findings; thus, we review the findings of the IJ. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).[1] Factual findings are reviewed for substantial evidence, with great deference given to the IJ's credibility determinations. *Id*. However, this Court "cannot substitute [its] judgment for that of the BIA or IJ with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations." *Id*. Therefore, this Court "will not review decisions turning purely on the immigration judge's assessment of the alien petitioner's credibility." *Id*. (internal quotation marks and citation omitted). This Court will, however, review the record to determine whether an adverse

---

[1] Although the REAL ID Act sets out new credibility standards, these standards do not apply, with one exception not applicable here, because Petitioner filed his asylum application before the May 11, 2005, effective date of the new provisions. *See* REAL ID Act §§ 101(a)(3), (h)(2), Pub. L. 109-13, 119 Stat. 231, 302-23.

credibility determination is "supported by specific and cogent reasons derived from the record." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Furthermore, a court can review a final order of removal only when "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "Failure to exhaust an issue creates a jurisdictional bar as to that issue." *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). "An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA - either on direct appeal or in a motion to reopen." *Id.*

The petitioners did not raise their specific challenges to the facts found to be implausible by the IJ and the BIA on appeal to the BIA or in a motion to reopen the proceedings. They likewise did not challenge the finding that the documentary evidence was suspect and insufficient to establish their claims in light of the aforementioned implausibilities. Because the BIA has adequate mechanisms to address and remedy these claims and because they were not presented to the BIA, this Court lacks jurisdiction to consider the petitioners' arguments challenging the specific factual findings of the IJ and BIA as well as the conclusion that the documentary evidence was suspect and insufficient to establish their claims. *See id.*; *see also Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 (5th Cir. 2001).

To the extent that this Court has jurisdiction to consider the petitioners' arguments challenging the adverse credibility finding generally, the petitioners' claims are unavailing. The IJ and the BIA gave specific, cogent reasons for the adverse credibility determination that were based on the petitioners' testimony and documentary evidence contained in the record. *See Zhang*, 432 F.3d at 344. "[W]here the judge's credibility determinations are supported by the record, we will affirm them even if we may have reached a different conclusion, because we will reverse only if the record compels a different conclusion." *Mwembie v. Gonzales,* 443 F.3d 405, 410 (5th Cir. 2006) (internal quotation marks and

citation omitted). The record in this case does not compel a different conclusion regarding the petitioners' lack of credibility. Rather, the record as a whole supports the adverse credibility determination.

Because "[w]e cannot substitute our judgment for that of the BIA or IJ with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations . . . we will not review decisions turning purely on the immigration judge's assessment of the alien petitioner's credibility." *Chun*, 40 F.3d at 78. The denial of relief in this case was based on the finding that the petitioners failed to provide a plausible claim, and the adverse credibility determination was supported by specific, cogent reasons. We therefore decline to review the decision denying relief in this case. *See id.*

The petitioners also argue that (1) the BIA abused its discretion when it did not address their argument regarding the IJ's exclusion of testimonial evidence; (2) the IJ abused his discretion by excluding witness testimony; and (3) the IJ violated the petitioners' due process rights by excluding witness testimony. These issues were not argued on appeal to the BIA or raised in a motion to reopen the proceedings.

Although the petitioners mentioned three times in their brief to the BIA that the IJ had disallowed new witness testimony at a hearing to recreate a portion of Amosie's 2003 testimony that had not been transcribed, the petitioners did not make any specific argument with respect to this fact. "[W]hen a petitioner does file a brief, the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed. Petitioner will therefore be deemed to have exhausted only those issues he raised *and argued* in his brief before the BIA." *Abebe v. Mukasey*, 548 F.3d 787, 791 (9th Cir. 2008) (emphasis added). A fair reading of the brief that the petitioners submitted to the BIA in 2005 reveals that the issue regarding the exclusion of witness testimony was not exhausted. *See Roy*, 389 F.3d at 137; *see also Goonsuwan,* 252 F.3d at 390.

Although the petitioners' have argued that their due process rights were violated by the exclusion of witness testimony, and an exception to the exhaustion requirement exists for claims of due process violations, the exception does not apply to " procedural errors that are correctable by the BIA." *Roy*, 389 F.3d at 137. The petitioners' argument concerns procedural error correctable by the BIA and is therefore subject to the exhaustion requirement. *See id.* Because it is unexhausted, we lack jurisdiction to consider it.

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.