# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2009

No. 08-60771

Charles R. Fulbruge III
Clerk

ROBERT FERNANDO SEALES

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

---

Petition for Review of an Order of the
Board of Immigration Appeals
(A044 646 665)

---

Before BARKSDALE, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Seales appeals, *pro se*, an order of the Board of Immigration Appeals ("BIA"), affirming the Immigration Judge's ("IJ") finding that Seales was removable due to his criminal conviction for retaliation under Texas law. For the following reasons, Seales's petition for review is dismissed in part for lack of jurisdiction and denied in part.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Robert Seales is a citizen of Panama, who was admitted into the United States in 1996. In August of 2007, Seales was convicted by plea of guilty for the crime of retaliation under Texas Penal Code § 36.06 in the 174th District Court in Harris County, Texas. Seales was sentenced to a prison term of two years.

Because of his conviction, the Department of Homeland Security ("DHS") served Seales with a Notice to Appear ("NTA"), charging him with removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). Under 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." In the NTA, the DHS asserted that Seales's conviction was for an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(F). *Id.* (defining aggravated felony as "a crime of violence . . . for which the term of imprisonment [is] at least one year").

After Seales's removal proceeding had begun, the DHS filed an additional charge of removal against Seales, asserting that his offense also met 8 U.S.C. § 1101(a)(43)(S)'s definition of aggravated felony. *Id.* (defining aggravated felony as "an offense relating to obstruction of justice . . . for which the term of imprisonment is at least one year"). The DHS served Seales with written notice of the additional charge. The IJ then convened a hearing where he notified Seales of the new charge, explained the new charge to him, and informed him of his right to counsel. After the hearing, the IJ granted Seales a continuance.

In December 2007, the IJ terminated the DHS's removal proceedings against Seales, because it found that the government did not prove that Seales's conviction was for an aggravated felony. The IJ found that the government failed to prove that Seales's offense constituted a crime of violence, and the IJ found that there was insufficient evidence to determine whether Seales's offense constituted obstruction of justice.

After the IJ terminated Seales's removal proceedings, the DHS filed a motion to reopen Seales's case because it obtained additional evidence proving that Seales's offense constituted obstruction of justice. In light of this new evidence, the IJ granted the DHS's motion to reopen and found that Seales's offense constituted obstruction of justice. Based on its finding, the IJ ordered Seales removed to Panama.

Seales appealed the IJ's decision to the BIA. Seales's appeal to the BIA presented numerous grounds for reversal, but he only argued three grounds of error. After considering Seales's arguments, the BIA affirmed and adopted the decision of the IJ. Seales then appealed the decision of the BIA to this Court.

## II. DISCUSSION

Seales's appeal raises a number of issues, but, before we consider the merits of his appeal, we must first determine whether we have jurisdiction to consider the issues raised in his appeal. As to some grounds we do not and must dismiss the appeal. Although we find that we have jurisdiction to review some of the issues Seales appeals, we deny his petition for review on those grounds because they do not present this court with any basis for reversal.

*A. Jurisdiction*

Although this court generally has jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a)(1), we may only "review a final order of removal . . . if the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). An alien fails to exhaust his administrative remedies if he fails to raise an issue before the BIA, either on direct appeal or in a motion to reopen. *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009). This exhaustion requirement applies to all issues for which an administrative remedy is available to an alien "as of right." *Id*. "Since exhaustion in this context is a statutory (rather than prudential) mandate,

failure to exhaust an issue deprives this court of jurisdiction over that issue." *Id*. at 319.

Seales's appeal to this court arguably[1] raises the following issues: (1) whether the doctrine of res judicata or law of the case barred the IJ's finding that his conviction for retaliation was an aggravated felony; (2) whether the IJ was correct in finding that Seales's offense constituted obstruction of justice; (3) whether the IJ abused his discretion in granting the DHS's motion to reopen; (4) whether the DHS properly added an additional charge of removal against him; (5) whether his due process right to a fair trial was violated; (6) whether the immigration laws violate equal protection; and (7) whether he is a United States citizen and, therefore, not subject to the nation's immigration laws. Because Seales did not make a motion to reopen but directly appealed his removal to the BIA, we must examine Seales's brief to the BIA to determine whether we have jurisdiction to review the issues raised in his appeal.

In his brief to the BIA, Seales only properly exhausted three issues: (1) his res judicata claim; (2) his additional charge claim; and (3) his due process claim. In *Amosie v. Holder*, an unpublished decision, we stated that an alien "'will . . . be deemed to have exhausted only those issues he raised *and argued* in his brief before the BIA.'" *Amosie v. Holder*, 324 F. App'x 396, 399 (5th Cir. 2009) (unpublished)[2] (quoting *Abebe v. Mukasey*, 548 F.3d 787, 791 (9th Cir. 2008), *superseded on other grounds*, 554 F.3d 1203 (9th Cir. 2009)). Finding that the alien in *Amosie* failed to raise and argue a particular issue before the BIA, we held that we lacked jurisdiction to hear that issue. *Id*. We find no reason for a different result here. Aliens "must fairly present their contentions to the BIA to satisfy exhaustion," and, because Seales's brief to the BIA only clearly

---

[1] Some issues are mentioned, but they are inadequately briefed. Nonetheless, for the sake of completeness, we list each issue mentioned in some way.

[2] Although unpublished decisions are not precedent, we find this reasoning persuasive.

advanced three of the issues he raises on appeal, we find that Seales has only exhausted those issues.[3] *Omari*, 562 F.3d at 323.

Although Seales did not properly "raise and argue" his equal protection claim before the BIA, we do have jurisdiction to hear that claim because administrative review of that claim was unavailable due to the BIA's lack of jurisdiction to consider the claim. 8 U.S.C. § 1252(d)(1) (stating an alien only has to exhaust "available" administrative remedies); *Arce-Vences v. Mukasey*, 512 F.3d 167, 172 (5th Cir. 2007).

For the foregoing reasons, we find that we only have jurisdiction to hear Seales's res judicata, additional charge, due process, and equal protection claims. We dismiss his remaining claims for lack of jurisdiction due to his failure to exhaust those claims before the BIA. *Witter v. INS*, 113 F.3d 549, 554 (5th Cir. 1997) ("We have no jurisdiction to consider issues that were not presented to or considered at the administrative level on appeal.") (citing 8 U.S.C. § 1252(d)).

*B. Standard of Review*

"When, as here, the BIA affirms the immigration judge and relies on the reasons set forth in the immigration judge's decision, this court reviews the decision of the immigration judge as well as the decision of the BIA." *Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006) (citing *Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003)). "On a petition for review of a decision of the BIA, we review questions of law de novo . . . ." *Sung v. Keisler*, 505 F.3d 372, 375 (5th Cir. 2007).

---

[3] While we have not addressed how extensively a petitioner must argue an issue to satisfy 8 U.S.C. § 1252(d), we have addressed a related issue when defining "waiver" in the context of appeals from district courts. *See Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 210 n.4 (5th Cir. 1998) ("[F]ailure to provide any legal or factual analysis of an issue on appeal waives that issue."); *Justiss Oil Co. v. Kerr-McGee Refining Corp.,* 75 F.3d 1057, 1067 (5th Cir. 1996) ("This error is mentioned only in the Statement of Issues section . . . . When an appellant fails to advance arguments in the body of its brief in support of an issue it has raised on appeal, we consider such issues abandoned."). We find our prior discussions of waiver—an issue quite similar to that presented here—instructive.

*C. Res Judicata*

Seales contends that the IJ's initial termination of his removal proceedings had res judicata effects that barred the IJ from later finding that his conviction was for an "aggravated felony." The doctrine of res judicata "appl[ies] to adjudicatory removal proceedings." *Andrande v. Gonzales*, 459 F.3d 538, 545 (5th Cir. 2006). Under the doctrine of res judicata, "a 'valid and final judgment precludes a second suit between the same parties on the same claim or any part thereof.'" *Id.* (quoting *Medina v. United States*, 993 F.2d 499, 503 (5th Cir. 1993)). "The *res judicata* effect of a prior judgment is a question of law that we review *de novo*." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (citations omitted).

Res judicata does not apply here because there was no "second suit." Before making his ultimate determination that Seales was convicted for an aggravated felony, the IJ granted the DHS's motion to reopen, which resurrected and continued the DHS's initial proceedings against Seales. A motion to reopen is a procedural device that allows a party to supplement the original record with additional evidence to establish a position that it could not previously support because the evidence was unavailable. *See Zhao v. Gonzales*, 404 F.3d 295, 304-05 (5th Cir. 2005) (showing that a motion to reopen allows a party to introduce new evidence into the record to substantiate a position that it could not previously establish). Here, the DHS moved to reopen the original record to supplement it with previously unavailable evidence supporting its assertion that Seales's offense constituted an aggravated felony.

Because the IJ's grant of the DHS's motion merely reopened the original proceedings against Seales, the IJ's finding that Seales was convicted of an aggravated felony was in the context of the original proceeding and not a "second suit." Accordingly, the doctrine of res judicata was not applicable to the IJ's

finding. *See Andrande*, 459 F.3d at 545 (stating that the doctrine of res judicata only prohibits reconsideration of issues in a second proceeding).

*D. Propriety of Additional Charges*

Seales also challenges whether the DHS properly filed an additional charge of removal against him. Specifically, Seales asserts that the DHS improperly amended the charge of removal to include an allegation that his offense constituted obstruction of justice. The requirements for bringing an additional charge of removal are found in 8 C.F.R. § 1240.10(e). We have jurisdiction to consider whether the DHS met 8 C.F.R. § 1240.10(e)'s requirements, but, in order to obtain any relief for a violation of the regulation, Seales must show that he was prejudiced by the violation. *Graham v. Caston*, 568 F.2d 1092, 1097 (5th Cir. 1978) ("[J]udicial review is available where the administrative agency fails to follow procedures outlined in regulations adopted by that administrative agency."); *Pacific Molasses Co. v. FTC*, 356 F.2d 386, 390 (5th Cir. 1966) (stating that if "an agency in its proceedings violates its rules and prejudice results, any action taken as a result of the proceedings cannot stand"); *see Kohli v. Gonzales*, 473 F.3d 1061, 1066 (9th Cir. 2007) ("When presented with allegations that an agency has violated its own regulation, we have recognized that such a claim is subject to judicial review, but have held that in order to be granted relief 'the claimant must show that he was prejudiced by the agency's mistake.'") (quoting *Patel v. INS*, 790 F.2d 786, 788 (9th Cir. 1986)).

The record shows that the DHS and the IJ did not meet all the requirements set out in 8 C.F.R. § 1240.10(e). According to the regulation, the IJ was required to inform Seales of his right to a reasonable continuance after informing him of the DHS's additional charge of removal. The IJ failed to give Seales notice of this right. Although the IJ failed to give Seales notice of his right to a continuance, the IJ granted Seales a continuance after informing him of the DHS's additional charge. Seales, therefore, could not have been

prejudiced by the IJ's failure to notify him of his right to a continuance because he was actually granted one. As such, we will not reverse his order of removal on this basis. *See Kohli*, 473 F.3d at 1066.

*E. Constitutional Claims*

Seales also asserts that his due process rights were violated and that the nation's immigrations laws violate the equal protection guarantees of the Fifth Amendment. Although Seales's brief to this court mentions these issues in the Statement of Issues section, he fails to advance any argument with respect to them in the body of his brief. Seales's failure to advance any argument with respect to these issues means that he has abandoned them as a basis for reversal. *Justiss Oil Co. v. Kerr-McGee Refining Corp.*, 75 F.3d 1057, 1067 (5th Cir. 1996) ("This error is mentioned only in the Statement of Issues section . . . . When an appellant fails to advance arguments in the body of its brief in support of an issue it has raised on appeal, we consider such issues abandoned."); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (stating that, even with pro se briefs, the court will only consider "issues presented and argued in the brief"). Accordingly, we decline to address the merits of Seales's due process and equal protection claims.

## III.  CONCLUSION

For the foregoing reasons, Seales's petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.